Argued and submitted March 9, affirmed August 5, reconsideration denied November 4, 1992, petition for review denied January 26, 1993 (315 Or 313)

Gary WARD
and Barbara Ward,
*Appellants,*

*v.*

Ted JARNPORT,
Esther Jarnport, Allen Mathany,
Julie Mathany, Larry Hansen
and Shirley Hansen,
*Defendants - Third-party Plaintiffs - Respondents,*

*and*

Barbara CRANDALL,
*Third-Party Defendant.*

(A8909-05347; CA A69022)

835 P2d 944

Robert J. Miller, Sr., Beaverton, argued the cause for appellants. With him on the brief were Brien F. Hildebrand and Moomaw, Miller & Reel, Beaverton.

Ralph Spooner, Salem, argued the cause for respondents. With him on the brief was Spooner & Much, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiffs appeal from a summary judgment dismissing their complaint. We affirm.

Since 1979, plaintiffs have owned property adjacent to and downhill from property that, since 1986, has been owned by defendants.[1] Their dispute stems from the actions of previous property owners. In 1964, plaintiffs' predecessor-in-interest constructed an eight-foot-high wall along the upper boundary of the property. Defendants' predecessor-in-interest placed fill dirt in the area behind the wall. When plaintiffs purchased the property, the wall had two cracks in it. They were told that the cracks had appeared after the neighbors had backfilled the wall.

Over time, the cracks grew in number and size. In the fall of 1986, a gate connected to the wall could not be closed. In the spring of 1987, the gate broke off its hinges due to the pressure of the wall's movement. The wall is now tilting toward plaintiffs' property; unless corrective action is taken, it will probably collapse.

Plaintiffs filed this action in 1989. Their complaint alleges trespass and nuisance and seeks an injunction compelling defendants to abate or correct the condition. The trial court granted defendants' motions for summary judgment on multiple grounds: (1) "the conduct complained of occurred no later than 1967, and the action is barred under the applicable statute of limitations, statute of ultimate repose and/or the doctrine of laches"; (2) the case does not involve a continuing tort or, in the alternative, the former owner of plaintiffs' property authorized the backfilling; and (3) plaintiffs neither pleaded nor presented evidence that defendants acted negligently, recklessly or intentionally or that they were strictly liable because they had engaged in an ultra-hazardous activity.

■ We view the record in the light most favorable to plaintiffs, giving them the benefit of all reasonable factual inferences. As the moving parties, defendants must show that

---

[1] Third-party defendant Crandall was the previous owner of defendants' property. Defendants moved this court to dismiss their appeal of the judgment disposing of their third-party complaint against Crandall. We allowed defendants' motion and amended the caption of this case to reflect the dismissal.

there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. *Seeborg v. General Motors Corp.*, 284 Or 695, 699, 588 P2d 1100 (1978).

■ The first question is whether the trial court erred in determining that "the conduct complained of occurred no later than 1967" and that plaintiff's action is therefore barred by the Statute of Limitations, the statute of ultimate repose or laches.[2] The limitation period for commencing nuisance and trespass actions is 6 years. ORS 12.080(3).[3] The central question in this case — when plaintiffs knew or should have known facts sufficient to support a cause of action for trespass or nuisance — is disputed by the parties. Plaintiffs argue that there had been no movement of the wall when they purchased the property in 1979, that some type of damage has been occurring since 1986, and that they discovered the wall's movement in the spring of 1987. Defendants argue that plaintiffs were aware of both cracking and bowing of the wall in 1979. We conclude that the trial court erred in resolving this factual dispute. A reasonable jury could conclude that plaintiffs filed this action within six years after discovering facts giving rise to an action for trespass or nuisance.[4]

The trial court also granted defendants' motion on the ground that the former owner of plaintiffs' property authorized the backfilling. The parties presented conflicting testimony regarding whether the former owner had consented to the backfill. Again, the disputed facts should not have been resolved by the court on a motion for summary judgment.

■ Finally the court, in granting summary judgment, concluded that plaintiffs have neither presented evidence nor

---

[2] The doctrine of laches requires that claims be brought within a reasonable time from the date of the action that forms the basis for the claim. *Hanns v. Hanns*, 246 Or 282, 423 P2d 499 (1967). A finding of unreasonableness is a factual determination.

[3] ORS 12.080(3) provides, in part, that actions "for waste or trespass upon or *for interference with* or injury to *any interest of another in real property* * * * shall be commenced within six years." (Emphasis supplied.) Defendants, perhaps relying on cases that were decided under an older version of that statute, *e.g., Martin et ux v. Reynolds Metals Co.*, 221 Or 86, 88, 342 P2d 790 (1960), erroneously assert that the limitation period for nuisance is governed by the two-year limit in ORS 12.110(1).

[4] Plaintiffs also contend that this action involves a continuing tort, for which the limitation has not yet begun to run. Because of our conclusion, we need not address that argument.

pleaded that defendants were liable for trespass or nuisance because they acted negligently, recklessly or intentionally or were strictly liable. In *Frady v. Portland General Electric*, 55 Or App 344, 347, 637 P2d 1345 (1981), we wrote:

> "In order for the law to attach liability to the operation of a purported nuisance, the plaintiff must allege defendant's actions were intentional, negligent, reckless or an abnormally dangerous activity. *Raymond v. Southern Pacific Co.*, 259 Or 629, 634, 488 P2d 460 (1971). A trespass also requires that the intrusion be intentional, negligent or the result of ultra-hazardous activity. *Martin v. Union Pacific Railroad*, 256 Or 563, 565, 474 P2d 739 (1970)."

It has long been the law that adjoining landowners are liable for the damage caused by fill that they place against a neighbor's wall. *See Annot.*, 10 ALR 1321 (1921). However, the record that was before the trial court when it made its summary judgment ruling is devoid of any evidence or allegation that defendants' failure to remove the dirt from its current location was negligent, reckless or intentional.[5] In sum, the evidence in the summary judgment record does not support any theory of liability for trespass or nuisance.[6] Accordingly, the trial court did not err in granting summary judgment on that basis.

Affirmed.

---

[5] Plaintiff does not argue that defendants' failure to remove the fill dirt placed on their land by a predecessor constitutes an ultrahazardous or abnormally dangerous activity. *See Nicolai v. Day*, 264 Or 354, 358, 506 P2d 483 (1973).

[6] Plaintiffs' argument that an engineer's report establishes defendants' negligence is without merit. The report does not suggest that defendants, in the exercise of reasonable care, should have anticipated the need for drainage.