## J.J. & L. PROPERTIES, INC.,
### an Oregon Corporation,
*Appellant,*

*v.*

### Hank HENRY,
### Jeff Golden and Sue Kupillas,
### Commissioners,
*Defendants,*

*and*

### JACKSON COUNTY,
*Respondent.*

### (89-3782-L-2; CA A70469)

858 P2d 161

G. Philip Arnold, Ashland, argued the cause and filed the brief for appellant.

Larry B. Workman, Medford, argued the cause and filed the brief for respondent.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

■     Plaintiff brought an action for breach of an alleged oral contract. Because the agreement did not satisfy the Statute of Frauds, ORS 41.580, the trial court granted Jackson County's (defendant's)[1] motion for summary judgment. We review the record in the light most favorable to plaintiff to determine whether there are any genuine issues of material fact and whether defendant is entitled to judgment as a matter of law. *Ward v. Jarnport*, 114 Or App 466, 468, 835 P2d 944 (1992), *rev den* 315 Or 313 (1993). We affirm.

Plaintiff owned land adjacent to the Jackson County Airport and wanted to develop it as an industrial park with direct airport access. In 1982, plaintiff negotiated, through agents, with the airport director, the Jackson County Board of Commissioners (Commissioners) and other county officials to obtain approval for the project. Plaintiff asserts that it obtained "conceptual approval" for its project from defendant in meetings between the parties' agents. Plaintiff's attorney stated that he prepared several drafts of an agreement that would finally approve the project, and that county officials led him "to believe that only minor details were left to be ironed out and that basic agreement was in place." Plaintiff does not deny that one of the conditions necessary to any agreement was approval by the Commissioners of an airport access permit. The Commissioners "expressed approval of the general idea of the project" and suggested that plaintiff should apply for the necessary permit. County officials also expressed encouragement for the project and stated in a letter that "County staff has already begun work toward the completion of the necessary legal documents for permitting aircraft access to the airport." However, no agreement was ever signed and, after a review of the project by staff, the Commissioners rejected plaintiff's request for a permit.

Before the Commissioners rejected the permit, plaintiff spent money preparing the property to become an industrial park, although it did not develop the land. There is no

---

[1] The defendants were Jackson County and three Jackson County Commissioners. The trial court dismissed the claims against the commissioners and they are not involved in this appeal.

dispute that plaintiff knew that only the Commissioners, not the county staff, had authority to approve the permit.

Plaintiff assigns error to the trial court's determination that the Statute of Frauds, ORS 41.580, bars its claim. It argues that the county staff correspondence constitutes a written agreement. In the alternative, it argues that the Statute of Frauds is not applicable for two reasons. First, it claims that its agreement was a license rather than an easement and that, because it did not convey an interest in real property, *Brusco Towboat v. State Land Bd.*, 30 Or App 509, 526, 567 P2d 1037 (1977), *aff'd as mod* 284 Or 627, 589 P2d 712 (1978), it is enforceable even though it is unwritten. *Baum et ux. v. Denn et al.*, 187 Or 401, 407, 211 P2d 478 (1949). Second, it claims that defendant is equitably estopped to deny its agents' oral promises.

The court did not err in granting summary judgment. The parties never formed an agreement. In determining whether a contract exists, we heed only the parties' objective manifestations of intent, such as their communications and overt acts, not their undisclosed desires and intentions. *Real Estate Loan Fund v. Hevner*, 76 Or App 349, 354, 709 P2d 727 (1985); *Praggastis v. Sandner*, 40 Or App 477, 484, 595 P2d 520, *rev den* 287 Or 301 (1979). Although defendant's representatives expressed encouragement for the project, they never manifested assent. The parties do not disagree that, notwithstanding what plaintiff describes as defendant's "conceptual approval" of the project, their negotiations could not ripen into an enforceable agreement without the Commissioners' approval of an airport access permit. Because the Commissioners neither approved a permit nor agreed to do so, the parties never made a contract.

In support of its equitable estoppel argument, plaintiff claims that it detrimentally relied on false promises by defendant's agents. It relies on *Wiggins v. Barrett & Associates, Inc.*, 295 Or 679, 669 P2d 1132 (1983), and on a letter from the county counsel to the Commissioners that said:

> "I have to say that there was not a sufficient agreement entered into, verbally, at any stage of the proceedings between then and now to give the applicant the right to go into court successfully and compel any particular arrangement. However, it is fair to say that the applicant had good

reason to believe, as of January, 1984, that the project had the County's blessing; and it was not until the fall of 1985 * * * that [plaintiff] received any express communication to the effect that the County might not be interested in the project."

The argument fails because defendant's agents made no false representations. *Johnson v. Kentner*, 71 Or App 61, 72, 691 P2d 499 (1984), *rev den* 299 Or 31 (1985). Correspondence from defendant's staff referred to the project as a proposal and discussed the steps that would precede any final approval. Plaintiff knew that the Commissioners had to grant final approval and that rejection was a possibility. County counsel's letter to the Commissioners does not establish estoppel, because nothing in the record states facts supporting the attorney's statement that plaintiff "had good reason to believe, as of January, 1984, that the project had the County's blessing." Defendant's words of encouragement were not false representations of fact.

*Wiggins* is inapposite. In that case, the plaintiffs granted an easement across their property in exchange for the defendant sanitary district's agreement to connect the property to the sewer line that it was constructing. The district's agent orally agreed to install a gravity flow connection to the sewer line, but the district instead built a pumping system. The Supreme Court held that a municipality could be bound by its agent's promises,

"if (a) the municipality clothes the agent with apparent authority, (b) the promise is one which the municipality could lawfully make and perform, (c) there is no statute, charter, ordinance, administrative rule, or public record that puts the agent's act beyond his authority, (d) the person asserting the authority has no reason to know of the want of actual authority, and (e) the municipality has accepted and retained the benefit received by the municipality in return for the promise." 295 Or at 683.

Because the plaintiff had fully performed its part of the bargain by executing the easement, the court held that the district was estopped from denying the agreement and had to install the gravity flow system. Here, defendant's agents informed plaintiff that Commissioners had to give final approval to the project. Defendant did not retain any benefit

given by plaintiff. Any benefits of improvements made to plaintiff's property inured to plaintiff, not to defendant.

Because we conclude that the parties never entered into an agreement, and that plaintiff has not satisfied the requirements for equitable estoppel, we affirm the trial court's result, although for a different reason.[2]

Affirmed.

---

[2] The parties do not discuss, and we do not decide, whether the county's approval of a permit *could* be the subject of a lawful agreement.