I. INTRODUCTION
This matter comes before the court on cross-motions for summary judgment.
 II. FACTS
The parties have agreed to the following material facts. Plaintiff (taxpayer) filed Forest Harvest Privilege Tax (FHPT) and Western Oregon Privilege Tax (WOPT) returns for tax years 1996, 1997, 1998, 1999, and 2000. Each return was submitted with less than the full payment of tax due. The remaining tax due was not paid within 60 days of the due dates on the returns. In each of the tax years at issue, Defendant (the department), issued notices of assessment to tax-payer. From the date each notice was issued until the sixtieth day after each notice was issued, the department applied the interest rate set forth in ORS 305.220 to the deficiencies. On the sixty-first day after each notice was issued, the department applied the higher interest rate set forth in ORS 305.222 to the deficiencies.
 III. ISSUE
Did the department properly apply a higher interest rate to the deficiencies beginning on the sixty-first day after the notices of assessment were issued?
 IV. ANALYSIS
The parties do not dispute that a deficiency for the delinquent taxes was assessed against taxpayer, nor that the deficiency was delinquent for longer than 60 days. The dispute centers around what interest rate is to be applied to the deficiency. Taxpayer argues that the department cannot apply the two-tiered interest rate set forth in ORS 305.222[1] to *Page 261 
the deficiencies because there is no language that links ORS305.220(1), the statute setting interest rates on deficiency assessments of FHPT and WOPT, to ORS 305.222. In a related argument, taxpayer asserts that only refunds are subject to the two-tiered interest system because ORS 305.220(2), governing refund interest, specifically refers to ORS 305.222, but ORS305.220(1), governing deficiency interest, does not. Taxpayer also argues that a second interest rate cannot be applied to the deficiency because ORS 321.560(6) states that the interest rate is to be that established by ORS 305.220(1)"a singular rate. Taxpayer also asserts that the department improperly relied on ORS 321.560(1) to apply the two-tiered interest rate to the deficiencies.
A. Application of ORS 305.222 to FHPT and WOPT
Timber taxes are governed by chapter 321 of the Oregon Revised Statutes. ORS 321.560(6) provides that "[a] delinquent tax or a deficiency shall bear interest at the rate established under ORS 305.220 for each month, or any fraction thereof, from the time the return was due." ORS 305.220 provides, in turn, that "[u]nless specifically provided otherwise by statute or by rule * * *, every deficiency or delinquency arising under any law administered by the Department of Revenue shall bear simple interest at the rate of five-sixths of one percent per month or fraction thereof." Accordingly, unless it is "specifically provided otherwise by statute or rule," the interest rate is five-sixths of one percent. Taxpayer argues that the court's inquiry ends there and that the rate is five-sixths of one percent. The department argues that ORS 305.222 is a statute that "specifically provide[s] otherwise."
ORS 305.222, which immediately follows ORS 305.220, increases the interest rate on deficiencies and refunds 60 days after the notice of assessment is issued. That statute provides, in pertinent part, as follows:
 "[I]f the delinquency is not paid within 60 days after the date of the assessment, the interest rate provided under ORS 305.220 shall be one-third of one percent greater than that so provided under ORS 305.220. The increased rate *Page 262 
shall apply only for interest periods that begin 61 days after the date of notice of the delinquency."
ORS 305.222(2)(b). The question is whether the language of ORS305.220(1) permits the application of ORS 305.222 to interest on deficiencies of FHPT and WOPT.
1. Interest rate established under ORS 305.220(1)
Taxpayer argues that ORS 305.220(1) establishes an interest rate of five-sixths of one percent on deficiencies and, therefore, the court's inquiry should go no further. Taxpayer asserts that because there is no specific reference to ORS305.222 in either ORS chapter 321 or in ORS 305.220(1), it cannot apply to interest on a deficiency.
1. When "[i]nterpreting a statute, the court's task is to discern the intent of the legislature." PGE v. Bureau ofLabor and Industries, 317 Or 606, 610, 859 P2d 1143 (1993). That requires examination of "both the text and context of the statute." Id. The "text of the statutory provision itself is the best evidence of the legislature's intent."Id. Words are to "be given their plain, natural, and ordinary meaning." Id. at 611. "If the legislature's intent is clear" from the text and context, "further inquiry is unnecessary." Id. The text of ORS 305.220(1) states that the interest rate is five-sixths of one percent "unless otherwise established by statute or by rule." ORS 305.222 is such a statute; it establishes a different interest rate for deficiencies that remain unpaid after 60 days have passed from the date of assessment.
PGE, however, also admonishes that the context of a statute "includes other provisions of the same statute and other related statutes." Id. In addition, the court is to be guided by the principle that "the legislature did not intend any portion of its enactments to be meaningless surplusage." State v. Stamper, 197 Or App 413, 418,106 P2d 172, rev den, 339 Or 230 (2005); see also
ORS 174.010.
ORS 305.220(1) addresses deficiencies or delinquencies and provides as follows: "Unless specifically provided otherwise by statute or by rule * * *, every deficiency or delinquency arising under any law administered by the Department of Revenue shall bear simple interest at the rate of five-sixths of one percent per month or fraction thereof." *Page 263 
Subsection (2) addresses refunds and provides as follows: "Unless specifically provided otherwise by statute or by rule * * * every refund arising under any law administered by the department shall, subject to subsections (3) and (5) ofthis section and ORS 305.222, bear simple interest at the rate of five-sixths of one percent per month, or fraction thereof." (Emphasis added.) Taxpayer argues that a lack of symmetry between the language of subsections (1) and (2) of ORS305.220 prevents application of ORS 305.222 to deficiency interest.
2. The language of subsection (2) emphasized above presents a complicated problem. On the one hand, there is taxpayer's theory, which relies on the maxim that the omission of language from one subsection of a statute and the inclusion of it in another is presumed to be purposeful. PGE,317 Or at 611 (citing Emerald PUD v. PPL, 302 Or 256, 269,729 P2d 552 (1986)). Under taxpayer's theory, therefore, the omission of the specific callout to subsections (3) and (5) of ORS 305.220 and ORS 305.222 requires that the court conclude those statutory provisions are entirely inapplicable to deficiencies.
3. On the other hand, the statute on its face states that the interest rate is subject to other statutes that specifically provide for a different rate of interest, and, under the department's theory, to ignore that language is to impermissibly "omit what has been inserted * * *." ORS 174.010.
4. Both arguments have merit, but the court must decide which construction better serves legislative intent. If the court accepts taxpayer's construction, large portions of both statutes would be rendered inoperable, namely the provisions of subsections (3) and (5) of ORS 305.220 that apply to deficiency or delinquency interest and subsection (2) of ORS 305.222. If the court accepts the department's construction, no portion of either statute would be rendered inoperable, rather, the following language of ORS 305.220(2) would merely be rendered redundant: "subject to subsections (3) and (5) of this section and ORS 305.222."
5. Adopting the construction that does not result in portions of either statute being rendered inoperable is preferable.See ORS 174.010 ("[W]here there are several provisions or particulars such construction is, if possible, to be adopted *Page 264 
as will give effect to all."). The construction that accomplishes that goal is the one urged by the department.
The court's conclusion is also supported by the legislative history of both statutes. They were drafted as sequential sections of Senate Bill 100, which was passed in 1987. Or Laws 1987, ch 647, §§ 6-8. Committee discussions reveal that a concern about the high interest rates that were being applied to deficiencies prompted a last-minute rewrite of the two sections. Minutes, House Committee on Revenue and School Finance, June 2, 1987, 6-7. That rewrite implemented a two-tiered system of interest designed to lower the interest rate while also tying it to the rate used by the Internal Revenue Service.Id. The legislature also hoped that the bill would serve to promote the early payment of deficiencies.Id. The sections were written to work together; as written they result in an overall reduction in the interest rate on refunds and deficiencies while encouraging early payment by applying a higher interest rate to late payments.
2. Use of the singular form of "rate"
6. Taxpayer also asserts that ORS 321.560(6) decrees that the rate on FHPT and WOPT is to be the singular interest "rate" established under ORS 305.220, and, therefore, a second, higher rate may not be used because that would mean that plural "rates" were applied to the deficiency. The court disagrees; first, ORS 305.220 establishes only one rate, a rate subject to change by statute or rule. Second, only one interest rate may be applied to the deficiency at any one time.
B. Application of ORS Chapter 305 to FHPT and WOPT
Taxpayer also argues that the department used ORS 321.560(1) to impermissibly apply the two-tiered interest rate set forth in ORS 305.222 to FHPT and WOPT. The department asserts that ORS321.560(1) allows the application of ORS chapter 305 to FHPT and WOPT, at least as it relates to department procedures. By its own terms ORS 321.560(1) supports the department's position; however, the question need not be considered at this time because the court has concluded that ORS 321.560(6) gives the department the necessary authority to impose two-tiered interest under ORS 305.222 to deficiencies of FHPT and WOPT. *Page 265 
 V. CONCLUSION
Now, therefore.
IT IS ORDERED that Plaintiff's Motion for Summary Judgment is denied; and
IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is granted.
Costs awarded to Defendant.
[1] All references to the Oregon Revised Statutes are to the 2005 edition. The statutes at issue have not been amended in any way that would alter the court's decision for the tax years in question. *Page 266