Argued and submitted January 3, decision of Tax Court affirmed
February 14, 2008

# THOMAS CREEK LUMBER AND LOG CO.,
*Plaintiff-Appellant,*

*v.*

# DEPARTMENT OF REVENUE,
*Defendant-Respondent.*

(TC 4761; SC S054694)

178 P3d 217

Henry C. Breithaupt, Judge.

Jeffrey K. Hanson, Yazbeck Cloran & Hanson, LLC, Portland, argued the cause and filed the brief for plaintiff-appellant. With him on the brief was Heather McNamee.

Douglas M. Adair, Assistant Attorney General, Salem, argued the cause and filed the brief for defendant-respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

BALMER, J.

**BALMER, J.**

This appeal from a decision of the Oregon Tax Court presents the question whether the Department of Revenue (department) may assess a penalty interest rate on deficiencies for taxes owed under the Western Oregon Forestland and Privilege Tax, ORS 321.257 to 321.390,[1] and the Forest Harvest Privilege Tax, ORS 321.005 to 321.185 (collectively, timber taxes). The Tax Court held that the department properly applied the penalty interest rate statute. For the reasons discussed below, we affirm the decision of the Tax Court.

Taxpayer failed to pay the full amount of its timber taxes due for tax years 1996, 1997, 1998, 1999, and 2000. Each year, the department issued a notice of assessment specifying the deficiency for that year. The department assessed interest on those deficiencies for the periods of their delinquency. The department applied the interest rate established under ORS 305.220[2] for the first 60 days of each deficiency and, for periods beyond 60 days, an interest rate that was one-third of one percent per month higher than that rate, pursuant to the penalty interest rate statute, ORS 305.222(2).

Taxpayer challenged the department's application of the penalty interest rate statute in the Tax Court. The parties did not dispute (1) that taxpayer was deficient because it failed to pay the full amounts owed for tax years 1996-2000, (2) the amount of the deficiencies, (3) that the deficiencies were delinquent for more than 60 days, or (4) the interest rate applicable to the first 60 days of each delinquency. The only issue before the court was the interest rate to be applied to those deficiencies for the time period beyond the first 60 days of each delinquency. The department argued that the penalty interest rate applied to taxpayer's deficiencies for the period of the delinquencies beyond the first 60 days. Taxpayer responded that the lower rate established by ORS

---

[1] The Western Oregon Forestland and Privilege Tax, ORS 321.273 (2001), was repealed in 2003. Or Laws 2003, ch 621, § 22b.

[2] ORS 305.220(1) provides for an interest rate of five-sixths of one percent per month, unless the department adopts, by rule, a different rate pursuant to ORS 305.220(3). Pursuant to that subsection, the department has adopted rates lower than the rate set in the statute for seven of the last 10 years.

305.220(1) applied to the deficiencies for the entire period of the delinquency and that ORS 305.222(2) did not apply to deficient timber taxes.

The Magistrate Division of the Tax Court affirmed the decision of the department to use the higher interest rate provided by ORS 305.222(2), and taxpayer appealed to the Regular Division. On cross-motions for summary judgment, the Tax Court affirmed. *Thomas Creek Lumber and Log Co. v. Dept. of Rev.*, 19 OTR 259 (2007). Taxpayer appealed that decision to this court.

We begin by examining the text of the relevant statutes. The penalty interest rate provision, ORS 305.222, which the department argues should apply here, provides, in part:

> "*For purposes of determining the interest rate established under ORS 305.220*:
>
> "(1)   In the case of a refund of tax ordered by the Oregon Tax Court or the Oregon Supreme Court and arising under any law administered by the Department of Revenue, if the refund is not paid by the department within 60 days after the date of the order, the interest rate provided under ORS 305.220 shall be one-third of one percent greater than that so provided under ORS 305.220, but only with respect to interest periods that begin 61 days after the date the order is entered.
>
> "(2)(a)   In the case of a notice of assessment pursuant to any law administered by the department, if the deficiency is not paid within 60 days after the date of the notice of assessment, the interest rate provided under ORS 305.220 shall be one-third of one percent greater than that so provided under ORS 305.220, but only for interest periods that begin 61 days after the date of notice of assessment.
>
> "(b)   In the case of an assessment under ORS 305.265(12),[3] if the delinquency is not paid within 60 days

---

[3] ORS 305.265(12) provides:

"If a return is filed with the department accompanied by payment of less than the amount of tax shown on or from the information on the return as due, the difference between the tax and the amount submitted is considered as assessed on the due date of the report or return (determined with regard to any extension of time granted for the filing of the return) or the date the report or

after the date of the assessment, *the interest rate provided under ORS 305.220 shall be one-third of one percent greater than that so provided under ORS 305.220.* The increased rate shall apply only for interest periods that begin 61 days after the date of notice of the delinquency."

(Emphases added.)

The interest rate statute that generally applies to tax deficiencies and tax refunds, ORS 305.220, provides, in part:

"(1)  *Unless specifically provided otherwise by statute* or by rule of the Director of the Department of Revenue adopted pursuant to subsection (3) of this section, every deficiency or delinquency arising under any law administered by the Department of Revenue shall bear simple interest at the rate of five-sixths of one percent per month or fraction thereof.

"(2)  Unless specifically provided otherwise by statute or by rule of the director adopted pursuant to subsection (3) of this section, every refund arising under any law administered by the department shall, subject to subsections (3) and (5) of this section and ORS 305.222, bear simple interest at the rate of five-sixths of one percent per month, or fraction thereof."

(Emphasis added.)

The other statute applicable here is ORS 321.560(6), which provides that, for taxes assessed under ORS chapter 321, including the timber taxes at issue in this case, "[a] delinquent tax or a deficiency shall bear interest at the rate established under ORS 305.220 for each month, or any fraction thereof, from the time the return was due." The department argues that the reference to ORS 305.220 in the statute with respect to interest on timber tax deficiencies incorporates the penalty interest rate of ORS 305.222(2) for deficiencies that are delinquent more than 60 days.

---

return is filed, whichever is later. For purposes of this subsection, the amount of tax shown on or from the information on the return as due shall be reduced by the amount of any part of the tax that is paid on or before the due date prescribed for payment of the tax, and by any credits against the tax that are claimed on the return. If the amount required to be shown as tax on a return is less than the amount shown as tax on the return, this subsection shall be applied by substituting the lesser amount."

The plain text of the statutes supports the department's position. As noted, ORS 305.220(1) provides, in part, that "every deficiency or delinquency arising under any law administered by the Department of Revenue shall bear simple interest at the rate of five-sixths of one percent per month or fraction thereof." That directive, however, is qualified by the words "[u]nless specifically provided otherwise by statute or by rule of the Director of the Department of Revenue adopted pursuant to subsection (3) of this section[.]" ORS 305.222 provides, in part, "For purposes of determining the interest rate *established under ORS 305.220*" a higher interest rate than that determined in ORS 305.220 will apply to deficiencies that are more than 60 days past due. ORS 305.222 thus "specifically provides otherwise" for the interest rate that applies after 60 days because it refers to ORS 305.220 and "provides" an interest rate that is different than that provided by ORS 305.220. The statutory text inescapably supports the department's interpretation.

Taxpayer nevertheless contends that because ORS 305.220(2), the subsection of the statute that establishes the interest calculation on *refunds* from the state to a taxpayer, *does* refer to ORS 305.222, while ORS 305.220(1), the subsection that establishes the interest calculation on delinquent and deficient *tax payments*, *does not* refer to ORS 305.222, the legislature must have intended that ORS 305.222 *not* apply to the interest calculation to delinquent and deficient tax payments.[4] Taxpayer notes that the refund subsection and the tax deficiency subsection are phrased identically, except that the refund subsection includes the additional clause, "subject to subsections (3) and (5) of this section and ORS 305.222[.]" That difference, taxpayer argues, must mean that the refund subsection incorporates ORS 305.222, while the tax deficiency subsection does not.

Taxpayer argues that the context of the deficiency interest statutes contradicts the textual interpretation we have outlined above, because that interpretation renders the specific reference to ORS 305.222 in ORS 305.220(2) redundant. If the words "[u]nless specifically provided otherwise" in the tax *deficiency* interest rate subsection of ORS

---

[4] Taxpayer makes several arguments which do not require discussion.

305.220(1) allow the use of the penalty interest rate, taxpayer asserts, then those same words in the tax *refund* interest rate subsection, ORS 305.220(2), should mean the same thing. But that interpretation, taxpayer contends, would render the *specific* reference to the penalty interest statute in ORS 305.220(2) redundant.

Taxpayer's argument that the reference to ORS 305.222 in ORS 305.220(2) indicates that the legislature intended to *exclude* the use of that statute in ORS 305.220(1) draws some support from precedent. This court has stated, " 'the use of a term in one section and not in another section of the same statute indicates a purposeful omission.' " *Jordan v. SAIF*, 343 Or 208, 217, 167 P3d 451 (2007) (quoting *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993)).[5] However, although the department's interpretation of ORS 305.220(1) and (2) does lead to a redundancy in subsection (2), taxpayer's interpretation is more problematic because it is inconsistent with two other applicable rules of statutory construction. First, taxpayer's interpretation—that the words "specifically provided otherwise by statute" in subsection (1) do not allow application of a statute, ORS 305.222, that *does* specifically provide otherwise—impermissibly "omit[s] what has been inserted[.]" ORS 174.010. Second, taxpayer's interpretation renders ORS 305.222(2) entirely without effect, contrary to another rule of statutory construction. *See Vaughn v. Pacific Northwest Bell Telephone*, 289 Or 73, 83, 611 P2d 281 (1980) ("This court will avoid a construction which * * * renders one statute ineffective."); ORS 174.010 ("[W]here there are several provisions or particulars

---

[5] In *Jordan*, this court determined that the Workers' Compensation Board's "own motion" authority did not include the power to suspend temporary disability payments when the claimant failed to comply with a treatment regimen. 343 Or at 210. There, however, the statute in question, ORS 656.278(1) (1999), granted the board several specific powers, which did not include the power to suspend benefits, and that power to suspend was specifically granted by another statute to the Director of the Department of Consumer and Business Services. *Id.* The "purposeful omission" in *Jordan* involved whether a statute that listed certain specific powers also authorized the board to exercise a different specific power that was expressly granted to another authority in a different statute. The parties have not directed our attention to any case where this court analyzed a situation such as the one before the court here, where the "purposeful omission" issue involves both a specific reference to another statute and a general reference to statutes that "otherwise provide."

such construction is, if possible, to be adopted as will give effect to all."). Following the logic of taxpayer's argument, ORS 305.222(2) would never apply to *any* deficiency or delinquency. The parties agree that there is no specific reference to ORS 305.222 in any statute other than ORS 305.220(2). The department argues that all deficiencies (with two exceptions not applicable here) are determined pursuant to statutes that refer to ORS 305.220 for the calculation of the interest rate to apply to deficient tax payments. One such statute, ORS 305.265(13), for example, provides that "[e]very deficiency shall bear interest at the rate established under ORS 305.220 * * *." If the differences between subsections (1) and (2) of ORS 305.220 preclude application of the penalty interest rate for the calculation of interest determined under ORS 305.220(1), then the department *never* could apply ORS 305.222(2), rendering that subsection completely ineffective.

We therefore reach the same conclusion that the Tax Court reached. The department's interpretation makes some words in ORS 305.220(2) redundant. But nothing prohibits the legislature from saying the same thing twice or, as here, from providing two different statutory paths to impose a higher interest rate on tax refunds that are more than 60 days overdue. While our goal is to give effect to every provision of a statute, *Dept. of Transportation v. Stallcup*, 341 Or 93, 101, 138 P3d 9 (2006), the department's interpretation, which we adopt, is preferable to taxpayer's interpretation, which would render all of ORS 305.222(2) ineffective and would omit words from ORS 305.220(1). We conclude that the department correctly applied ORS 305.222(2) when determining the interest rate for deficiencies and delinquencies pursuant to ORS 305.220(1) because that "construction * * * will give effect to" more of the "provisions or particulars" of both statutes than taxpayer's proposed interpretation.

The decision of the Tax Court is affirmed.