DECISION
Plaintiff appeals Defendant's Notice of Assessment (Notice) dated February 28, 2008, for the 2005 tax year. The parties submitted cross-motions for summary judgment. Oral argument was held on May 10, 2010. After considering stipulated facts, memorandums, and oral arguments of the parties, the above entitled matter is now ready for decision.
 I. STATEMENT OF FACTS
Plaintiff filed its original Oregon Inheritance Tax Return (Return) with Defendant on December 11, 2006. (Ptf s Cross Mot for Summ J at 2.) At the time Plaintiff filed its Return, Plaintiff filed a timely election to pay the self-assessed tax in installments, citing ORS 118.225. (Id.) On the Return, Plaintiff reported a tax liability of $17,858,578 and a payment on that tax of $4,800,000. (Id.) Plaintiffs self-assessed tax liability was the same tax liability assessed in Defendant's Notice. (Id) Plaintiffs appeal was timely filed from Defendant's Notice. *Page 2 
 II. ANALYSIS
The issue before the court is whether second tier interest may be imposed on deferred inheritance tax liabilities paid in installments pursuant to ORS 118.225.[1] That question is a matter of statutory interpretation.
"In interpreting a statute, the court's task is to discern the intent of the legislature." PGE v. Bureau of Labor andIndustries (PGE), 317 Or 606, 610, 859 P2d 1143 (1993); ORS 174.020. The legislative intent is to be determined first from the text and context of the statute. PGE, 317 Or at 611;State v. Gaines (Gaines),346 Or 160, 171, 206 P3d 1042 (2009). "In trying to ascertain the meaning of a statutory provision, * * * the court considers rules of construction of the statutory text that bear directly on how to read the text. Some of those rules are mandated by statute, including * * * the statutory enjoinder `not to insert what has been omitted, or to omit what has been inserted.'" PGE, 317 Or at 611, citing ORS 174.010. Additionally, "words of common usage typically should be given their plain, natural, and ordinary meaning." Id.
"[A]fter examining text and context," the court may consider legislative history that "appears useful to the court's analysis."Gaines, 346 Or at 172. Under PGE, the court could not consider legislative history unless "the intent of the legislature [was] not clear from the text and context * * *." PGE,317 Or at 611. However, "in light of the 2001 amendments to ORS 174.020," the Oregon Supreme Court in Gaines overruled that requirement from PGE:
 "[C]ontrary to this court's pronouncement in PGE, we no longer will require an ambiguity in the text of a statute as a necessary predicate to * * * consideration of pertinent legislative history * * *."
Gaines, 346 Or at 171-172; ORS 174.020. *Page 3 
Finally, "[i]f the legislature's intent remains unclear after examining text, context, and legislative history, the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty." Gaines, 346 Or at 172.
ORS 118.225 allows the Department of Revenue to extend the amount of time for payments of inheritance taxes for a period of up to 14 years upon application by the estate and acceptance of collateral. ORS 118.225(1), (2). ORS 118.260(5)(b) states that all extensions will be subject to interest, "at the rate established under ORS 305.220." ORS 118.260(5)(b). ORS 305.220(1) provides for an interest rate of five-sixths of one percent per month subject to adjustment by the Director of the Department of Revenue, "[u]nless specifically provided otherwise by statute * * *." ORS 305.220(1).
ORS 305.222 is a statute that provides "otherwise."[2]
ORS 305.220(2). ORS 305.222 specifically relates the two statutes: "For purposes of determining the interest rate established under ORS 305.220 * * *" ORS 305.222(2)(b) specifically provides that:
 "In the case of an assessment under ORS 305.265(12), [3] if the delinquency is not paid within 60 days after the date of the assessment, the interest rate provided under ORS 305.220 shall be one-third of one percent greater than that so provided under ORS 305.220. The increased rate shall apply only for interest periods that begin 61 days after the date of notice of the delinquency."
ORS 305.222 (2)(b). The result is one rate for two different periods of time. ORS 305.220 sets the interest rate for a deficiency or delinquent payment of an assessed tax up to and including the sixth day. ORS 306.222(2)(b) sets the interest rate for all time periods after the sixth day. *Page 4 
ORS 305.222(2)(b) increases the interest rate provided under ORS 305.220 by one-third of one percent per month, "[i]n the case of an assessment under ORS 305.265 (12) * * *," for delinquent taxes that are not paid within 60 days. ORS 305.222(2)(b). To be subject to second tier interest under subsection (2)(b), the tax must be a delinquency assessed under
ORS 305.265 (12). That presents two related questions. First, was Plaintiff's self-assessed tax "an assessment under ORS 305.265(12)"? (Id.) Second, are inheritance taxes deferred under ORS 118.225 "delinquent" for the purposes of ORS 305.222(2)(b)? (Id.)
A. Was Plaintiff's self-assessed tax "an assessment underORS 305.265(12)?" (Id.)
Inheritance tax is subject to, "the provisions of ORS chapter 305 as to * * * assessments." ORS 118.171. ORS 305.265(12) states in applicable part,
 "If a return is filed with the department accompanied by payment of less than the amount of tax shown on or from the information on the return as due, the difference between the tax and the amount submitted is considered as assessed on the due date of the report or return * * * or the date the report or return is filed, whichever is later."
ORS 305.265(12) (emphasis added). Plaintiff's self-assessed inheritance tax liability is an assessment under the plain meaning of ORS 305.265(12).[4] Plaintiff filed a tax return, self-assessing a tax liability, and paying less than the stated amount. Plaintiff filed a return with Defendant on December 11, 2006, reporting a tax liability of $17,858,578. (Ptf's Cross Mot for Summ J at 2.) Plaintiff paid $4,800,000 of its self-assessed tax liability to Defendant on June 6, 2006. (Id.) *Page 5 
B. Are inheritance taxes deferred underORS 118.225 "delinquent" for the purposes of ORS 305.222(2)(b)?
To answer that question, the court looks at the text of ORS 305.222(2)(b):
 "In the case of an assessment under ORS 305.265(12), if the delinquency is not paid within 60 days after the date of the assessment, the interest rate provided under ORS 305.220 shall be one-third of one percent greater than that so provided under ORS 305.220. The increased rate shall apply only to for interest periods that begin 61 days after the date of notice of the delinquency."
(Emphasis added.)
There is no statutory definition of "delinquency" found in the text of ORS 118.225 or ORS 305.222. Webster's defines "delinquency" as, "* * * a debt on which payment of interest or principal is in arrears — used esp. of taxes and mortgage loans" and "delinquent" as, "* * * past due and unpaid." Webster's ThirdNew Int'l Dictionary 597 (unabridged ed 2002). That definition supports a conclusion that inheritance taxes deferred under ORS 118.225 are delinquent for purposes of ORS 305.222(2)(b).
Absent a statutory definition of delinquency, ORS 118.260 provides context for discerning the intent of the legislature with respect to deferred inheritance taxes. See generally, PGE,317 Or at 611 (Related statutes are context). ORS 118.260(5)(b) imposes interest on deferred inheritance taxes and ties the interest rate to the rate established under chapter 305:
 "[i]f payment of the tax or deficiency is extended under ORS 118.225, interest shall be charged and collected on any amount for which extension is granted from the date the tax or deficiency is otherwise due and payable to the date of payment at the rate established under ORS 305.220 * * *."
ORS 118.260(5)(b) (emphasis added). ORS 118.260(5)(b) imposes interest on the deferred inheritance tax from the date the tax is otherwise due and payable. Inheritance tax is otherwise due and payable, "on the date the decedent's federal estate tax is due and payable * * *." ORS 118.220. The rate of interest on the otherwise due and payable amount is established under *Page 6 
ORS 305.220. Considering the text in context, ORS 305.222(2)(b) applies second tier interest to the amount of inheritance tax for which extension is granted that remains unpaid, but otherwisedue, 61 days after the ORS 305.265(12) assessment date.[5]
The legislative history proffered by both parties supports the court's conclusion. Gaines, 436 Or at 172. To understand whether the deferral provisions of ORS chapter 118 are intended to conform to the interest provisions of ORS chapter 305, pertinent legislative history of both chapters is reviewed.
The legislature first created the deferral provision of ORS 118.225 and corresponding interest provision of ORS 118.260 in 1977 as part of House Bill (HB) 2059-B (1977). (Or Laws 1977, ch 666.) The legislature's "principal purpose" for HB 2059-B was "to accomplish the phase-out of Inheritance and Gift taxes over a ten year period." Measure Intent Statement, HB 2059-B, June 16, 1977.
The Oregon State Bar Association proposed the deferral provision as part of the original bill, HB 2059. The installment payment plan (deferral provision) reflected the reality of the "economic hardship the inheritor experiences." Tape recording, House Committee on Revenue and School Finance, HB 2059, March 10, 1977, Tape 11, Side B (testimony of Alan Jensen, Oregon State Bar Association).
The Senate Judiciary Committee proposed several amendments to HB 2059 including then ORS 118.260(4)(b) (1977), providing for nine percent interest on ORS 118.225 deferrals. Extension of Time for Payment of Inheritance Tax, Senate Judiciary Committee, HB 2059, May 17, 1977, Ex 12 (Proposed Amendments to Corrected A-Engrossed House Bill 2059). That rate was lower than the 12 percent rate charged for late payments without an installment plan. *Page 7 See, then ORS 118.260(4)(a) (1977). As originally enacted, ORS 118.260(5)(b) provided for a lower interest rate for deferred inheritance taxes, "to eliminate the possibility of forced sale by the creation of a deferral plan with a rate of interest of 9%." Measure Intent Statement, HB 2059-B, June 16, 1977.
The legislature created a new, uniform interest rate system in 1982.[6] Or Laws 1982, ch 16 (Special Session). The senate proposed Senate Bill (SB) 980 (1982), stating that SB 980 was intended to address the "[i]nterest rates charged for delinquent taxes [that] have been much lower than market rates of interest, which can result in taxpayers purposely not paying taxes on time." Staff Measure Analysis, SB 980-A, January 26, 1982. In order to tie the interest rate to prevailing market rates, the legislature authorized the Director of the Department of Revenue to, "adopt, by rule, adjusted interest rates." Or Laws, 1982, Chapter 16, § 2 (Special Session). The legislature intended the uniform interest rate provided by SB 980 to apply to nearly all taxes. It is noteworthy that the law provided that one type of deferral program, The Senior Citizen Property Tax Deferral Program, would not be subject to the uniform interest system.Compare Or Laws 1982, ch 16 (Special Session), with then
ORS 311.674 (1981); see also Change in Interest Rates, DOR, (Dec 1981) (specifically excluding The Senior Citizen Property Tax Deferral Program). The legislature could have provided a similar exception for those who defer the payment of inheritance taxes; it did not.
The legislature amended Chapter 118 in 1982 to conform to the new, uniform interest rate system. The legislature removed the preferential interest rate for deferred inheritance taxes *Page 8 
and replaced that rate with, "the rate established under [ORS 305.220]." Or Laws 1982, ch 16, § 3.[7] The 1982 legislation thus tied deferred inheritance taxes to a new, unified interest rate system. That new interest rate system was subject to change by the Director of the Department of Revenue or an act of the legislature.
In 1987, the legislature amended the interest rate system by enacting ORS 305.222, establishing a two-tier interest rate system. Or Laws 1987, chapter 647, § 7. In analyzing the legislative history of that law, the court explained that the "sections [ORS 305.220 and ORS 305.222] were written to work together; as written they result in an overall reduction in the interest rate on refunds and deficiencies while encouraging early payment by applying a higher interest rate to late payments." Thomas Creek Lumber andLog Co. v. Dept. of Rev., 19 OTR 259, 264 (2007) (citing, Minutes, House Committee on Revenue and School Finance, June 2, 1987, 6-7). The court further stated that the "legislature also hoped that the bill would serve to promote the early payment of deficiencies." (Id.)
In 1993, the legislature amended ORS 305.222 with House Bill (HB) 2058 (1993), separating section 2 into the current 2(a) and (b). Or Laws 1993, Chapter 726, § 2. During a *Page 9 
subcommittee hearing, Representative Gail Shibley asked Don O'Meara (O'Meara), from the Department of Revenue, to give an overview of HB 2058. Minutes, House Committee on Revenue and School Finance, Subcommittee on Income Taxation, January 28, 1993, at 1. O'Meara testified that "[ORS 305.222(2)(b)] establishes a second tier of interest on self-assessments . . . for folks who file without payment or less than full payment." Tape recording, House Committee on Revenue and School Finance, Subcommittee on Income Taxation, Tape 6, Side A (testimony of Don O'Meara, Department of Revenue).[8] Given O'Meara's testimony, the committee understood ORS 305.222(2)(b) to apply to self-assessed taxes filed with less than full payment.
The statutory legislative history supports the court's conclusion that the legislature intended second tier interest to apply to deferred inheritance tax payments (ORS 118.225). The legislature created a "new" uniform interest rate system in 1982. The legislature amended Chapter 118 to bring inheritance taxes into the uniform interest rate system, removing the preferential interest rate for deferred inheritance taxes. The legislature adopted the two-tier interest system (ORS 305.220 and ORS 305.222) in 1987. When ORS 305.222 was enacted, there was no legislative exception introduced for inheritance taxes. When the legislature divided ORS 305.222(2) into two sections in 1993, there was no legislation introduced to remove deferred inheritance taxes from the uniform interest rate system. The statutory enjoinder "`not to insert what has been omitted, or to omit what has been inserted'" directs this court to look to the statute's text. PGE,317 Or at 611, citing ORS 174.010. Absent statutory language *Page 10 
specifically excluding deferred inheritance taxes, the court concludes that deferred inheritance taxes are subject to interest at the statutory rate set forth in ORS 305.220 and ORS 305.222.
 III. CONCLUSION
ORS 305.222(2)(b) applies second tier interest to the amount of inheritance tax for which an extension is granted that remains unpaid, but otherwise due, 61 days after the ORS 305.265(12) assessment date. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs Cross-Motion for Summary Judgment is denied.
IT IS FURTHER DECIDED that Defendant's Cross-Motion for Summary Judgment is granted.
Dated this ___ day of September 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on September 15, 2010. The Court filed and entered thisdocument on September 15, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005 unless otherwise noted.
[2] The Oregon Supreme Court concluded that the rate established under ORS 305.220 for deficiencies can in certain circumstances include a second tier interest under ORS 305.222(2)(a). ThomasCreek Lumber and Log Co. v Dept. Of Revenue,344 Or 131, 138, 178 P3d 217 (2008) (holding that deficiencies are subject to the two-tiered interest system set forth in ORS 305.220 and 305.222).
[3] ORS 305.265(12) states: "If a return is filed with the department accompanied by payment of less than the amount of tax shown on or from the information on the return as due, the difference between the tax and the amount submitted is considered as assessed on the due date of the report or return (determined with regard to any extension of time granted for the filing of the return) or the date the report or return is filed, whichever is later."
[4] In determining corporate officer liability, the Oregon Supreme Court concluded that, "[a]n employer that files a withholding tax return stating an amount due, but that pays less than the stated amount, self-assesses pursuant to ORS 305.265(12)." Robblee vDept. of Rev., 325 Or 515, 523, 942 P2d 765 (1997). The court's holding in Robblee is applicable to the facts of this case because Plaintiff, like Robblee, filed a return "stating an amount due, but [paid] less than the stated amount," thereby making a self-assessment "pursuant to ORS 305.265(12)." (Id.)
[5] Plaintiff filed its self-assessment on December 11, 2006. Second tier interest applies beginning February 9, 2007.
[6] In describing that proposal, the Oregon Department of Revenue wrote that the "department presently administers 22 programs which have separate provisions for interest. The rates vary, but the majority are fixed at 1 percent per month on deficiencies anddelinquencies (unpaid taxes) and ½ percent per month on refunds." (Change in Interest Rates, DOR, (Dec 1981).) (emphasis added).
[7] Section 3 reads in applicable part,
 "ORS 118.260 is amended to read:
 * * * * * "(4)(a) Except as provided in subsection (5) of this section and paragraph (b) of this subsection, if the tax imposed by ORS 118.005 to 118.840 is not paid within nine months from the accruing thereof, interest shall be charged and collected thereon at the rate [of one percent per month] established under section 2 of this 1982 Act for each month or fraction of a month from the time when the tax became due and payable.
 "(b) If payment of the tax or deficiency is extended under ORS 118.225, interest shall be charged and collected on any amount for which extension is granted from the date the tax or deficiency is otherwise due and payable to the date of payment at the rate [of three-fourths of one percent per month] established under section 2 of this 1982 Act for each month or fraction of a month. * * * * *."
 Or Laws 1982, ch 16, § 3.
[8] The court is mindful that reliance on legislative history can be, "fraught with the potential for misconstruction, misattribution of the beliefs of a single legislator or witness to the body as a whole, or abuse in the form of `padding the record' when the views of only a small number of persons on a narrow question can be found." Gaines, 346 Or at 173 n 9. However, courts have relied on the statements of nonlegislators in several contexts: "In the case of nonlegislator statements, courts tend to be more wary, but do accord them some weight when the nonlegislators sponsored the legislation and who, as a result, are in a good position to describe its purpose and effect." State v. Kelly,229 Or App 461, 467, 211 P3d 932 (2009) (citations omitted).