IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

STACIE FARRELL )
and SEAN S. STORTZUM, )
 )
  Plaintiffs, ) TC-MD 250143R
 )
 v. )
 )
DEPARTMENT OF REVENUE, )
State of Oregon, )
 )
  Defendant. ) **DECISION OF DISMISSAL**

 This matter is before the court on Defendant's Motion to Dismiss (Motion) filed, April 24, 2025, requesting dismissal of Plaintiffs' Complaint on the grounds that the court lacks jurisdiction over discretionary penalty and interest waivers. Plaintiffs filed their response on June 9, 2025. The matter is now ready for decision.

## I. STATEMENT OF FACTS

 Plaintiffs assert that they employed a tax professional to file their 2016 to 2022 tax returns but that their California-based practitioner failed to advise them of their obligation to file TriMet self-employment tax returns. (Ptfs' Compl at 4.) Plaintiffs contend that in 2024, they became aware of this obligation and filed the TriMet returns. (*Id*. at 2.) Thereafter, Defendant assessed interest on the unpaid amounts and imposed a 100 percent penalty for each tax year.

 Plaintiffs requested that Defendant waive the penalties and interest. On January 6, 2025, Defendant issued to each Plaintiff a Notice of Penalty and Interest Waiver Determination (Notice), which reduced the penalty from 100 percent to 30 percent but denied the request to waive the accrued interest. (Ptfs' Compl, Ex 6.)

/ / /

Plaintiffs appealed to this court on April 16, 2025, challenging Defendant's Notice. Plaintiffs seek a waiver of all penalties and interest based on their voluntary late filing or, in the alternative, an equitable remedy. (Ptfs' Compl at 4.)

## II. ANALYSIS

The issues in this case are whether Defendant correctly imposed penalties and interest for the late filing of returns, and whether the court has the authority to modify interest and penalties assessed by Defendant. The court will address each issue in turn.

A.      *Imposition of Penalties and Interest for Late Returns*

ORS 305.992(1)[1] provides for a 100 percent penalty when tax returns are "not filed for three consecutive years by the due date." Plaintiffs argue that this statute does not apply to their situation because they filed *before* Defendant imposed the penalty.

The court agrees with Defendant; the statute plainly applies to the failure to timely file returns regardless of when the returns were ultimately submitted. Oregon law indicates a process for how statutes are to be interpreted, and the general rule for construing statutes prohibits judges from adding words to statutes to support a particular meaning. ORS 174.010. Plaintiffs' assertion would require the court to impermissibly add words to the statute for it to support their interpretation. Instead, the court finds that penalties were properly imposed in these circumstances.

Additionally, interest was assessed pursuant to ORS 305.220(1). Under OAR 150-305-0066(1),[2] the general policy of this state is that the Department of Revenue (department) will not waive interest. The Oregon Supreme Court has affirmed that every deficiency arising under a

---

[1] References to the Oregon Revised Statutes (ORS) are to the 2023 version.

[2] Oregon Administrative Rules (OAR).

tax imposed by the department shall bear simple interest. *Thomas Creek Lumber and Log Co. v. Dept. of Rev*, 344 Or 131, 178 P3d 217 (2008). The court finds that imposition of interest was authorized.

B.      *Exclusive, Unreviewable Authority for Discretionary Waiver of Penalties and Interest*

Turning to Defendant's denial of penalty and interest waivers, Defendant argues that the "exclusive process for taxpayers seeking a waiver of interest or penalties is to request a discretionary waiver from the department." (Def's Mot at 1.) Because the discretionary waiver request process was completed, Defendant asserts that the court lacks jurisdiction to decide the merits of this appeal. (*Id.*)

The court observes that ORS 305.145(4) provides that the department may establish by rule "instances in which the department may, in its discretion, waive any part or all of penalties * * * that are collected by the department." The department promulgated OAR 150-305-0068 to govern discretionary penalty waivers. OAR 150-305-0068(3)(a)(E) specifically includes penalties assessed under ORS 305.992. Thus, penalties imposed under ORS 305.992 are subject to discretionary waiver by Defendant.

Turning to the court's own authority, the wording of ORS 305.560(1)(a) states an appeal to the Oregon Tax Court cannot be taken from an order denying the discretionary waiver of penalty or interest by the Department of Revenue. This statute limits the court's review by excluding discretionary waivers from becoming appealable acts.

OAR 150-305-0060(2) further clarifies that if the department denies a taxpayer's request for a discretionary waiver of interest or penalties, that decision is final and may not be appealed to the Oregon Tax Court. This regulation reinforces the statutory limitation on the court's authority. Similarly, OAR 150-305-0192(2) states that a denial by the department of a

discretionary waiver request is final and not subject to appeal to the Oregon Tax Court. This reflects a deliberate regulatory framework that excludes the Tax Court from performing judicial review of Defendant's discretionary penalty waivers.

In *Pelett v Department of Revenue*, 11 OTR 364 (1990), this court noted that ORS 305.560(1)[3] imposes limits on this court's judicial review. The court understood that statute as demonstrating the legislature's intent to prohibit the court from reviewing Defendant's discretion in waiving penalties or interest. *Id*. at 366. The interpretation of ORS 305.560(1) found in *Pelett* remains controlling precedent that this division of the court must follow.

### III. CONCLUSION

Upon careful consideration, the court agrees with Defendant that the court lacks authority to review Defendant's denial of discretionary waivers of interest and penalties. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted. Plaintiffs' appeal is dismissed.

_____
RICHARD D. DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard D. Davis and entered on June 16, 2025.*

---

[3] It is unclear which edition of the Oregon Revised Statutes the court in *Pelett* was interpreting. Nevertheless, the operative phrasing of ORS 305.560(1) excepting orders for appeal "denying the discretionary waiver of penalty or interest" of the department has been included in the statute since the statute's creation in 1977 despite the statute subsequently receiving additional subsections. Or laws 1977, ch 870, § 10.