Argued May 4, reversed and remanded September 30, 1970

MARTIN ET UX, *Appellants, v.* UNION PACIFIC
RAILROAD COMPANY ET AL, *Respondents.*
474 P2d 739

*John D. Burns*, Portland, argued the cause for ap-

pellants. On the briefs were Joss, Bosch & Burns, and John G. Kolb, Portland.

*Austin W. Crowe, Jr.*, Portland, argued the cause for respondent Union Pacific Railroad Company. With him on the brief were Randall B. Kester, Walter J. Cosgrave, and Maguire, Kester & Cosgrave, Portland.

*Cleveland C. Cory*, Portland, argued the cause for respondents Spokane, Portland and Seattle Railway Company, and Oregon Trunk Railway System. With him on the brief were Clarence R. Wicks, and Davies, Biggs, Strayer, Stoel and Boley, Portland.

Before Sloan, Presiding Justice, and O'Connell, Denecke, Holman,[*] Tongue and Howell, Justices.

O'CONNELL, C. J.

This is an action to recover damages for property damage caused by a fire which originated on or near a railroad right of way and spread onto plaintiffs' land. The action was commenced nearly four years after the damage occurred. The defendants demurred to the complaint on the ground that it disclosed on its face that the action was barred by the two-year statute of limitations, ORS 12.110 (1).[①] The trial court sustained the demurrer and entered judgment for defendants. Plaintiffs appeal.

Plaintiffs' complaint alleges that the defendants

---

[*] Holman, J., did not participate in this decision.

[①] ORS 12.110 (1) provides: "An action for assault, battery, false imprisonment, for criminal conversion, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."

negligently caused the fire to occur and negligently permitted it to escape and spread onto plaintiffs' range land. Plaintiffs contend that the damage was the result of a trespass caused by defendants' negligent conduct and that the applicable statute of limitation is ORS 12.080 (3) providing for a six-year limitation period.[2]

Defendants contend that the action is "based upon negligence or trespass in the case" and therefore is barred by the two-year statute of limitation (ORS 12.110 (1)). The trial court agreed with defendants' analysis and sustained their demurrer.

■ A trespass arises when there is an intrusion upon the land of another which invades the possessor's interest in the exclusive possession of his land. The intrusion may be caused by either intentional, negligent, reckless or ultrahazardous conduct.[3] Whether the invasion of the plaintiff's interest is direct or indirect is immaterial in determining whether the invasion is trespassory.[4]

■ The spread of the fire from defendants' land onto plaintiffs' land was an intrusion of a character sufficient to constitute a trespass. In *Martin v. Rey-*

---

[2] ORS 12.080 (3) provides: "(3) An action for waste or trespass upon real property; or * * * shall be commenced within six years."

[3] Restatement of Torts, Introduction to Chapter 40 and §§ 158, 165. In Furrer v. Talent Irrigation Dist., 90 Or Adv Sh 399, 466 P2d 605 (1970), we explained that negligence and trespass are not comparable concepts: "The briefs treat negligence as if it were a coordinate with trespass and nuisance. As explained in the Restatement of Torts, Introduction to Chapter 40 at 221 (1939), negligence describes the defendant's conduct whereas trespass and nuisance describe the invasion of plaintiff's interest in land. Thus either a trespass or nuisance may arise out of intentional, negligent, reckless, or ultrahazardous conduct." 466 P2d at 611, fn. 5.

[4] Prosser on Torts, p 65 (3d ed 1964).

*nolds Metals Company,* 221 Or 86, 342 P2d 790 (1960), cert. den., 362 US 918, we held that a trespassory intrusion resulted when the defendant caused certain fluoride compounds in the form of gases and particulates to become airborne and settle upon plaintiff's land, recognizing that a trespass can result from an intrusion by invisible as well as visible forces and that it is the force of the instrumentality rather than its size which is significant in determining whether a trespass has been committed. We reaffirmed this position in *Davis v. Georgia-Pacific,* 251 Or 239, 242, 445 P2d 481 (1968), when we said, "[t]he traditional concept that a trespass must be a direct intrusion by a tangible or visible object as set forth in *Norwood v. Eastern Oregon Land Co.,* 139 Or 25, 37, 5 P2d 1057, 7 P2d 996 (1932) has been abandoned in this state."

A fire, although once regarded as a "tenuous material substance, and anciently classified with air, earth and water as one of the four elements" (Webster's Dictionary) is now deemed only a process—the process of combustion capable of operating to cause harm to a person's interest in the exclusive possession of land, just as the chemical process in *Martin v. Reynolds Metals Company* was capable of causing a similar invasion.

We hold that the invasion in the present case resulting from defendants' negligent conduct constituted a trespass.[9] Therefore, the action is governed by ORS 12.080 (3).

The issue presented in this appeal again serves to remind us of the need for legislative revision of the

------

[9] See Zimmer v. Stephenson, 66 Wash2d 477, 403 P2d 343 (1965) and Watson v. Mississippi River Power Co., 174 Iowa 23, 156 NW 188, 191-92 (1916).

statutes on the limitation of actions.[6] There would appear to be no reason for providing different limitation periods in actions for invasions of interests in land, whether the action is in trespass or nuisance and whether the conduct causing the invasion is intentional, negligent, reckless or ultrahazardous.[7]

Reversed and remanded.

---

[6] For an excellent treatment of the subject of limitation statutes, see Developments in the Law: Statutes of Limitation, 63 Harv L Rev 1177 (1950). See also, Tort Liability and the Statutes of Limitation, 33 Mo L Rev 171 (1968); Note, Cause of Action and the Statutes of Limitation—"The Chains That Bind," 9 West Res L Rev 86 (1957); Wood on Limitations (4th ed 1916); Franks, Limitations of Actions (1959).

[7] Cf., Cal. Civ. Proc. Code § 338 (West 1954).