Argued and submitted April 13, affirmed in part;
reversed in part and remanded for trial December 30, 1981

FRADY et ux,
*Appellants,*
*v.*
PORTLAND GENERAL ELECTRIC
COMPANY,
*Respondent.*

(No. 111930, CA 19014) (Control)

FRADY,
*Appellant,*
*v.*
PORTLAND GENERAL ELECTRIC
COMPANY,
*Respondent.*

(No. 111931, CA 19015)

FRADY,
*Appellant,*
*v.*
PORTLAND GENERAL ELECTRIC
COMPANY,
*Respondent.*

(No. 111932, CA 19016)

KUPER et ux,
*Appellants,*
*v.*
PORTLAND GENERAL ELECTRIC,
COMPANY,
*Respondent.*

(No. 111933, CA 19017)

LOCKHART et ux,
*Appellants,*
*v.*
PORTLAND GENERAL ELECTRIC,
COMPANY,
*Respondent.*

(No. 111934, CA 19018)

LOCKHART,
*Appellant,*
*v.*
PORTLAND GENERAL ELECTRIC,
COMPANY,
*Respondent.*

(No. 111935, CA 19019)

LOCKHART,
*Appellant,*
*v.*
PORTLAND GENERAL ELECTRIC
COMPANY,
*Respondent.*

(No. 111936, CA 19020)

(Cases consolidated)
637 P2d 1345

Kathryn A. Logan, Salem, argued the cause and filed the briefs for appellants.

Malcolm F. Marsh, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

This appeal involves seven consolidated actions for nuisance and trespass. Plaintiffs appeal the dismissal of their complaints.

Three of these actions were brought by plaintiffs who own real property located in the immediate vicinity of the Bethel Combustion Turbine Facility,[1] which is owned and operated by defendant. The remaining four actions were brought by plaintiffs who reside on property near the facility.[2] All the complaints allege that the facility began operating in 1973, and that when it is in operation it emits low frequency sound waves. The complaints of the plaintiffs who own property contain two counts, one in nuisance and one in trespass; both include allegations that the vibrations from the sound waves have damaged and continue to damage their homes, cause them to suffer from loss of sleep, emotional distress and mental strain, and interfere with their use and enjoyment of their property. One complaint contains a further allegation that those plaintiffs' dairy herd has been adversely affected. The complaints of the non-owner plaintiffs who reside on property near the facility contain only one count, alleging that the vibrations have caused and continue to cause them to suffer loss of sleep, emotional strain and mental distress.

Defendant moved to dismiss all the complaints under ORCP 21A on the grounds that: (1) plaintiffs had failed to state ultimate facts sufficient to constitute a claim; (2) plaintiffs were not the real parties in interest; and (3) plaintiffs failed to bring their action within the time limited by statute. The trial court dismissed the complaints on grounds (1) and (2) of defendant's motion, accepting defendant's argument that the facts alleged by plaintiffs constituted only a claim for public nuisance and that they had failed to plead special injury as required of private parties bringing public nuisance actions. Plaintiffs contend that they have pleaded special injury, and, furthermore, that even if they failed to state a claim for public

---

[1] These are the actions brought by Charles and Marlene Frady, Leroy and Gladys Kuper, and Rudolph and Alma Lockhart.

[2] These actions were brought by Carol Frady, Linda Frady, Lori Lockhart and Mary Lockhart, through their guardians

nuisance, their pleadings would support an action for private nuisance and, where alleged, trespass.

On appeal, defendant argues that plaintiffs' complaints not only fail to allege special injury, but also fail to state a claim for either public or private nuisance or trespass, because there are no allegations that the alleged damage was caused intentionally, negligently or by an ultra-hazardous activity. Although this argument was not raised below, we may consider it to determine whether it supports the trial court's ruling. *Huff v. Bretz,* 285 Or 507, 519, 592 P2d 204 (1979); *Page v. Cameron,* 33 Or App 441, 443, 576 P2d 837, *rev den* 283 Or 235 (1978).

■    The general rule that a complaint which has been dismissed before trial will be strictly construed on appeal from that dismissal, *Harding v. Bell,* 265 Or 202, 208, 508 P2d 216 (1973), does not apply where an argument in support of the dismissal is raised for the first time on appeal. Where the question was not raised in support of the motion in the trial court, the complaint will be construed liberally in favor of the plaintiff, as when tested for the first time on appeal. *Campbell v. Ford Industries,* 274 Or 243, 257, 546 P2d 141, 84 ALR3d 1093 (1976). Therefore, on this issue, plaintiffs' complaints are entitled to liberal construction. *Burklund v. Clayton,* 275 Or 115, 118, 549 P2d 1261 (1976).

■    In order for the law to attach liability to the operation of a purported nuisance, the plaintiff must allege defendant's actions were intentional, negligent, reckless or an abnormally dangerous activity. *Raymond v. Southern Pacific Co.,* 259 Or 629, 634, 488 P2d 460 (1971). A trespass also requires that the intrusion be intentional, negligent or the result of ultra-hazardous activity. *Martin v. Union Pacific Railroad,* 256 Or 563, 565, 474 P2d 739 (1970).

■    Plaintiffs do not specifically allege that the damage of which they complain was caused by intentional, negligent or ultra-hazardous activity. However, in *Jacobson v. Crown Zellerbach,* 273 Or 15, 19, 539 P2d 641 (1975), the Supreme Court noted that "intentional" conduct is not limited to activity undertaken for the purpose of damaging another, but includes any act done with the knowledge that damage to another would result. In that case, the allegation that

plaintiffs had notified defendant of the damage its trucks were causing was sufficient to allege knowledge on the part of defendant, which, if proved, would render its continued conduct intentional.

In this case, plaintiffs alleged that these same actions came to trial in April, 1978, a jury was empaneled and evidence was taken before plaintiffs' motion for nonsuit was granted. This could not have occurred unless defendant appeared.

The significance of defendant's appearance is that it necessarily follows that it had notice of plaintiffs' damage claims as of the date of that appearance. Construing the complaints liberally, we conclude that, although the term "notice" does not appear, the plaintiffs have alleged facts from which notice as of April, 1978, must be inferred. Therefore, under the rule in *Jacobson v. Crown Zellerbach, supra,* the complaints contain a recitation of facts sufficient to state that defendant's conduct was intentional after that date.

■ We now address the arguments raised by defendant in the trial court in support of its motion to dismiss. Defendant argues that plaintiffs have alleged facts which would constitute a claim only for a public nuisance. This argument is based on the fact that to be free from excessive noise is a right common to the public, which is protected by law.[3] An action against the perpetrator of a public nuisance can be brought only by the state, unless an individual can show special injury, different in kind from that suffered by the general public. *Raymond v. Southern Pacific, supra,* 259 Or at 634; Prosser, *Law of Torts* § 88 (4th ed 1971). Defendant contends that plaintiffs have failed to plead special injury, because the damages they allege are the same as would be suffered by anyone in the area. Accordingly, they assert that plaintiffs have failed to state a private claim for public nuisance and the state, not these plaintiffs, is the real party in interest to bring this action.

■ Defendant is correct with regard to the complaints filed by the plaintiffs who reside on land near the facility

---

[3] *See* ORS 467.010; Uniform Building Code of Marion County, § 151.110(d)(1); Municipal Ordinances of the City of Salem, § 93.010.

but who are not landowners. Those plaintiffs only allege a public nuisance and plead injuries which are not different from those which would be suffered by anyone in the vicinity of the facility. Plaintiffs' proximity may make their inconvenience greater, but special injury must be different in kind, not merely degree. *Smejkal v. Empire Lite-Rock, Inc.,* 274 Or 571, 574, 547 P2d 1363 (1976). The trial court's dismissal of these plaintiffs' complaints was proper.

■ The trial court erred, however, in dismissing the complaints of the plaintiffs who own land near the facility. These plaintiffs alleged physical damage to their property and interference with the use and enjoyment of it. When a public nuisance interferes with an individual's right to use and enjoy his real property, the individual suffers special injury and may bring an action against the perpetrator of the nuisance. *Smejkal v. Empire Lite-Rock, Inc., supra,* 274 Or at 575; Restatement (Second) of Torts § 821C, comment e (1979). Furthermore, even when the nuisance would be classified as public, if it interferes with the use and enjoyment of land, the landowner may bring an action for either public or private nuisance. Restatement (Second) of Torts § 821B, comment h (1979). We find the landowner plaintiffs have stated a claim and are real parties in interest.

■ These plaintiffs also argue that they have stated a claim in trespass.[4] We do not construe their complaints as stating such a claim. In *Martin et ux v. Reynolds Metals Co.,* 221 Or 86, 342 P2d 790 (1960), the Supreme Court wrote:

> "Trespass and private nuisance are separate fields of tort liability relating to actionable interference with the possession of land. They may be distinguished by comparing the interest invaded; an actionable invasion of a possessor's interest in the exclusive possession of land is a trespass; an actionable invasion of a possessor's interest in the use and enjoyment of his land is a nuisance. * * *" 221 Or at 90.

---

[4] The complaints alleged a single cause of action and two alternative theories. A motion to dismiss tests the complaint as a whole and was accordingly improperly allowed, because these plaintiffs stated a cause of action for nuisance. This case must be remanded for trial, however, so we will treat the motion to dismiss as motions to strike the counts separately. *See Rich v. Tite-Knot Pine Mill,* 245 Or 185, 189, 421 P2d 370 (1966) and *Raymond v. Southern Pacific Co.,* 259 Or 629, 632-633, 488 P2d 460 (1971).

Plaintiffs' trespass counts are merely restatements of their nuisance counts. Plaintiffs have failed to allege any conduct on the part of defendant which would constitute a trespass as defined above. They allege no substantial interference with their possessory interest as distinct from their interest in the use and enjoyment of their property to warrant protection under the law of trespass. *See Martin et ux v. Reynolds Metals Co., supra, [f5.221 or at 96.*

■    Finally, defendant argues that plaintiffs' complaints should be dismissed because they were not filed within the time limited by statute. These actions were filed in 1975, and first came to trial in 1978. The parties stipulated that a jury was empaneled, that plaintiffs' presented evidence and that the actions were dismissed without prejudice on plaintiffs' motion. Plaintiffs refiled their complaints within one year of the dismissal. Defendant maintains that ORS 12.220[5] should not apply in this case, because plaintiffs sought dismissal after they were refused a continuance. However, as pointed out, defendant stipulated that the case was dismissed after commencement of trial on the merits and is in no position now to contend the facts were otherwise. On the stipulated facts, the trial court had discretion to allow plaintiffs' motion to dismiss, and we find no abuse of that discretion. *Sims v. Sowle,* 238 Or 329, 331, 395 P2d 133 (1964).

Affirmed as to Carol Frady, Linda Frady, Lori Lockhart and Mary Lockhart, through their guardians ad litem; reversed and remanded for trial as to Charles and Marlene Frady, Leroy and Gladys Kuper, and Rudolph and Alma Lockhart.

---

[5] ORS 12.220 provides, in pertinent part:

" * * * [I]f an action is commenced within the time prescribed therefor and the action is dismissed upon the trial thereof, or upon appeal, after the time limited for bringing a new action, the plaintiff * * * may commence a new action upon such cause of action within one year after the dismissal or reversal on appeal; * * *."