Argued and submitted March 23, affirmed August 2, 2006

Kenneth J. CARVALHO
and Jeannine M. Carvalho,
*Appellants,*

*v.*

Lawrence A. WOLFE
and Judith A. Collins-Wolfe,
*Respondents.*

041844-L7; A126673

140 P3d 1161

Ryan Vanderhood argued the cause for appellants. On the brief were Joseph E. Kellerman and Hornecker, Cowling, Hassen & Heysell, L.L.P.

William G. Wheatley argued the cause for respondents. With him on the brief was Jaqua & Wheatley, P.C.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

BREWER, C. J.

## BREWER, C. J.

Plaintiffs appeal from a judgment dismissing their complaint, in which they sought damages for trespass, nuisance, and negligence, as well as an injunction. The trial court granted defendants' motions under ORCP 21 A(8) to dismiss all of plaintiffs' claims and entered a general judgment of dismissal. On appeal, plaintiffs seek reversal only as to the claims for trespass and nuisance. We affirm.

■ Because the issue on appeal is the sufficiency of plaintiffs' complaint, we accept as true all of their well-pleaded allegations and give them the benefit of all favorable inferences that may follow from the facts that they alleged. *Granewich v. Harding*, 329 Or 47, 51, 985 P2d 788 (1999); *Bidwell v. Baker*, 193 Or App 657, 661, 91 P3d 793, *rev den*, 337 Or 547 (2004). We begin with the allegations common to both of plaintiffs' claims. Plaintiffs and defendants are neighbors. The former owners of defendants' property planted trees along the property line; defendants were responsible for the ongoing care, maintenance, and control of those trees. In early 2004, plaintiffs discovered that roots from the trees had damaged the foundation of their home, causing structural damage that, by April 15, 2004, amounted to more than $61,000 and that was continuing to increase. After the discovery of the damage, the trees were cut down, but no action was taken to ensure that they had been killed or that the growth of the roots had been permanently halted.

Based on those common allegations, plaintiffs stated separate claims for trespass and nuisance. In their trespass claim, they alleged that they had legal possession and control of their property and that they did not authorize the entry "of any trees, roots, or vegetation of any kind onto their land from defendants' land." In their nuisance claim, plaintiffs alleged that the roots "have severely and unreasonably invaded plaintiffs' land" and that the invasion "has interfered with plaintiffs' ability to use and enjoy their land" as a result of the damage to their house. Plaintiffs did not allege in either claim that defendants acted with any specific level of culpability or that they were engaged in an ultrahazardous activity.

Defendants filed a motion to dismiss both claims for failure to state a claim for relief. Defendants asserted that the pleading was fatally defective in several respects, including that plaintiffs had not alleged that defendants were negligent or had engaged in an ultrahazardous activity by allowing the roots to encroach on plaintiffs' property. Defendants also argued that the encroaching tree roots did not constitute a cognizable nuisance because a landowner may resort only to self-help remedies for such an encroachment, not seek relief in the courts. The trial court granted the motion and entered a judgment dismissing the action.[1]

■■■■ To place the parties' arguments on appeal in perspective, we begin with an examination of the common-law principles at play in this case. As discussed, plaintiffs' complaint separately states claims for trespass and nuisance. Each of those theories of liability involves a different kind of interference with plaintiffs' interest in their land: "[A]n actionable invasion of a possessor's interest in the exclusive possession of land is a trespass; an actionable invasion of a possessor's interest in the use and enjoyment of his land is a nuisance." *Martin et ux v. Reynolds Metals Co.*, 221 Or 86, 90, 342 P2d 790 (1959), *cert den*, 362 US 918 (1960). Courts in some jurisdictions have concluded that tree roots or branches that intrude into or over neighboring lands may be either a trespass or a nuisance; courts in other states have rejected liability under either theory. However, the issue is one of first impression in Oregon. The parties discuss the competing approaches that other courts have taken, both sides urging that we adopt the approach that is beneficial to their respective positions. We discuss three exemplary cases.

In *Michalson v. Nutting*, 275 Mass 232, 175 NE 490 (1931), the plaintiffs alleged that roots from a neighboring poplar tree had clogged their sewer pipes and grown under their cellar, causing them expenses for unclogging the pipes and threatening harm to their house. The Massachusetts court held that there was no distinction between an intrusion by overhanging branches and one by invading roots. In either case, an owner has the right to grow trees on its land, which

---

[1] Plaintiffs do not assert that the trial court denied them an opportunity to replead their claims in an amended pleading.

naturally leads to branches and roots crossing the boundary line. When that happens, the owner of the other land is limited to cutting the branches and roots where they intrude. Thus, there was no actionable nuisance. Nothing in the court's opinion suggested that the owner of the tree intentionally or negligently caused the roots to grow onto the plaintiff's land; rather, he had simply refused to remove them.

In *Whitesell v. Houlton*, 2 Haw App 365, 632 P2d 1077 (1981), the defendant owned a banyan tree whose branches overhung the plaintiffs' property and damaged their garage and automobile and threatened additional damage until the plaintiffs had them cut back. The Hawaii court held that the Massachusetts rule was unfair. "Because the owner of the tree's trunk is the owner of the tree, we think he bears some responsibility for the rest of the tree." *Id*. at 367. Hawaii law had long provided that, if the owner of a tree knows or should know that it constitutes a danger, the owner is liable for harm that it causes on or off the property. Thus "the damaged or imminently endangered neighbor may require the owner of the tree to pay for the damages and to cut back the endangering branches or roots[.]" *Id*. at 368.

Finally, in *Abbinett v. Fox*, 103 NM 80, 703 P2d 177 (NM App), *cert quashed*, 702 P2d 1007 (NM 1985), roots from the defendants' cottonwood tree damaged structures on the plaintiffs' property. The New Mexico Court of Appeals discussed *Michalson*, *Whitesell*, and a number of other cases involving invading branches and roots; it ultimately adopted the *Whitesell* rule. The court held that, although landowners may use their property in ways that maximize their own enjoyment, they may not unreasonably interfere with the rights of adjoining landowners or create a private nuisance. The defendants had negligently maintained their tree, damaging the plaintiff, and the appellate court concluded that the trial court had correctly required the defendants to respond in damages. *Abbinett*, 103 NM at 84-85.

Although it was not the focus of the courts' analyses, the defendants' culpability for the intrusions was different in each of the cases that we have discussed. In *Michalson*, the defendants simply planted the tree and refused to remove the

roots; there is no suggestion that they intentionally or negligently caused harm to the plaintiffs. In *Whitesell*, however, the defendants knew or should have known that their tree would cause damage to the plaintiffs' property, which in Oregon would support a finding that they intended to cause that harm. *See Lunda v. Matthews*, 46 Or App 701, 705, 613 P2d 63 (1980). In *Abbinett*, the trial court found that the defendants were negligent, a finding that the appellate court affirmed.

Unlike those courts, we conclude that the issue of culpability is decisive in this case. Thus, we do not need to decide whether we would agree with the Hawaii and New Mexico courts if defendants had acted with some level of culpability or if they had been engaged in an ultrahazardous activity. As we now explain, because plaintiffs do not allege that defendants did so, they have not stated a claim for either trespass or nuisance under Oregon law.

At common law, an unauthorized entry onto the soil of another was in itself a trespass. *Loe et ux v. Lenhard et al*, 227 Or 242, 248, 362 P2d 312 (1961). *Martin* appears to have applied that rule of strict liability. The court noted that, "[s]ince we hold that the intrusion in his case constituted a trespass it is immaterial whether the defendant's conduct was careless, wanton and willful or entirely free from fault." *Martin*, 221 Or at 102. However, in *Loe et ux* the Supreme Court adopted the rule of the first *Restatement of Torts*, §§ 158, 165 (1936), that there is liability for an unintentional intrusion only when it arises out of negligence or an ultrahazardous activity. *Loe et ux*, 227 Or at 248-49. Despite the contrary statement in *Martin*, the *Loe* court treated that case as involving an intentional trespass. *Id.* at 248. By the time that this court decided *Frady v. Portland General Electric*, 55 Or App 344, 347, 637 P2d 1345 (1981), we could summarize the state of the law as it applied to both nuisance and trespass claims:

> "In order for the law to attach liability to the operation of a purported nuisance, the plaintiff must allege [that the] defendant's actions were intentional, negligent, reckless or an abnormally dangerous activity. *Raymond v. Southern Pacific Co.*, 259 Or 629, 634, 488 P2d 460 (1971). A trespass also requires that the intrusion be intentional, negligent or

the result of ultrahazardous activity. *Martin v. Union Pacific Railroad*, 256 Or 563, 565, 474 P2d 739 (1970)."

Unlike trespass, nuisance claims had long required proof of fault or ultrahazardous activity. *See Raymond*, 259 Or at 634-35, 634 n 4. Our summary in *Frady* remains the law at present.

We applied those principles in *Ward v. Jarnport*, 114 Or App 466, 835 P2d 944 (1992), *rev den*, 315 Or 313 (1993). In *Ward*, the plaintiffs owned property downhill from the defendants. The plaintiffs' predecessor constructed a wall along the upper boundary of the property; the defendants' predecessor thereafter placed fill dirt in the area behind the wall. The ultimate result was that the dirt pressed against the wall, cracked it, and tilted it toward the plaintiffs' property. Without corrective action, the wall would ultimately collapse. The plaintiff asserted claims for both trespass and nuisance against the defendant, seeking to require it to abate or correct the condition. The trial court granted summary judgment to the defendants, and we affirmed. We recognized that the law has long held adjoining landowners liable for damage caused by fill placed against a neighbor's wall; however, in *Ward* there was no evidence or allegation that the defendants' failure to remove the dirt was negligent, reckless, or intentional. As a result, there was no support for any theory of liability for trespass or nuisance.

■ This case is similar to *Ward* in that plaintiffs have not alleged that defendants acted with any level of fault or that they were engaged in an ultrahazardous activity. Rather, plaintiffs essentially seek to hold defendants strictly liable for the damage that the trees caused. However, neither trespass nor nuisance provides for strict liability except for an ultrahazardous activity. Plaintiffs do allege that defendants were responsible for the ongoing care, maintenance, and control of the trees before cutting them down. Defendants might be liable for intentional trespass or nuisance if they knew or should have known that their caring for the trees would result in the tree roots damaging plaintiffs' house. *See Furrer v. Talent Irrigation District*, 258 Or 494, 513, 466 P2d 605 (1970) (knowing or having reason to know

that water was seeping onto the plaintiff's land was an intentional intrusion); *Lunda*, 46 Or App at 705 (intentional in this context means the defendant's knowing a trespass would result from its acts, not that it intended to cause a trespass). However, plaintiffs do not allege that defendants had or should have had that knowledge. Plaintiffs also allege that defendants have not taken any action to ensure that the trees have been killed and the growth of their roots permanently stopped, but they do not allege either that the growth is continuing or that defendants know or should know that it is continuing.[2]

In short, plaintiffs do not allege that defendants acted or failed to act with any form of culpability, and they do not allege that they engaged in conduct that could make them strictly liable for trespass or nuisance. As a result, they have failed to state a claim for relief under either theory.

Affirmed.

---

[2] Indeed, on the face of the pleadings, defendants appear to be less culpable than the defendants in *Michalson*, who apparently refused to remove the poplar tree after learning of the damage that it was causing and threatening to cause to the plaintiffs.