694 June 16, 2016 No. 37

IN THE SUPREME COURT OF THE
STATE OF OREGON

J. Michael GOODWIN
and Sheila Goodwin,
husband and wife,
*Respondents on Review,*

*v.*

KINGSMEN PLASTERING, INC.,
a Washington corporation;
*Petitioner on Review,*

*and*

KINGSMEN CONTRACTING, INC.,
a Washington corporation;
and T & M Pipeline, Inc., an Oregon corporation,
dba T & M Pipeline Construction, Inc.,
*Defendants.*

(CC 1110128; CA A151821; SC S062925)

On review from the Court of Appeals.*

Argued and submitted September 10, 2015.

Jonathan Henderson, Davis Rothwell Earle & Zochihua P.C., Portland, argued the cause and filed the briefs for petitioner on review. With him on the briefs was Katie L. Smith, Henrie & Smith, LLP, Beaverton.

Dean E. Aldrich, Aldrich Eike, P.C., Portland, argued the cause and filed the brief for respondent on review. With him on the brief was Christopher C. Grady, Portland.

Lisa T. Hunt, Lake Oswego, filed the brief for *amicus curiae* Oregon Trial Lawyers Association.

Daniel T. Goldstein, Ball Janik, LLP, Portland, filed the brief for *amici* Orenco Gardens Homeowners Association, Dennis Hurlbut, and Phil and Lisa Lehwalder. With him on the brief were Adele J. Ridenour and Amy Heverly.

_____

* Appeal from Benton County. Locke A. Williams, Judge 267 Or App 506, 340 P3d 169 (2014).

Before Balmer, Chief Justice, Kistler, Walters, Landau, Baldwin, Brewer and Nakamoto, Justices.**

LANDAU, J.

The decision of the Court of Appeals is affirmed on other grounds. The judgment of the circuit court is reversed and the case is remanded to the circuit court for further proceedings.

_____

** Linder, J., retired December 31, 2015, and did not participate in the decision of this case.

**LANDAU, J.**

ORS 12.135(1)(a) provides that an action arising from the "construction, alteration or repair of any improvement to real property" must be commenced within "[t]he applicable period of limitation otherwise established by law." The question in this construction defect case is precisely what is the period of limitation "otherwise established by law." Plaintiffs argue that their action is subject to a six-year statute of limitations set out in ORS 12.080(3), which applies to actions "for interference with or injury to any interest of another in real property." Defendant argues that the action is not for injury to an "interest" in real property, but for damage to the property itself, which is governed by the two-year statute of limitations described in ORS 12.110(1) that applies to tort actions generally. The trial court agreed with plaintiffs that the six year-limitation period applied but granted summary judgment for defendant on the ground that plaintiffs brought their action more than six years after the construction was completed. The Court of Appeals reversed and remanded, holding that, although the six-year statute applied, a "discovery rule" applied to that statute, and there remained an issue of fact as to whether plaintiffs initiated their action within six years from the time that they knew or should have known of the injury that formed the basis for their claim. *Goodwin v. Kingsmen Plastering, Inc.*, 267 Or App 506, 340 P3d 169 (2014).

We conclude that the Court of Appeals erred in holding that plaintiffs' action is subject to the six-year statute. That statute applies to actions for interference with or injury to an "interest" in real property, such as trespass or waste. It does not apply to actions for damage to property itself, which are subject to the two-year statute of limitations. There remains, however, a question of fact as to precisely when plaintiffs discovered the damage to their property, which starts the two-year limitations period running. We therefore affirm the decision of the Court of Appeals to reverse and remand, albeit on different grounds.

## I. BACKGROUND

The following facts are not disputed. The house that is at the center of this litigation was built in 2001. Defendant

was a subcontractor involved in its original construction, responsible for installing synthetic stucco siding on the house's exterior. That work was completed in May 2001.

Plaintiffs bought the house in December 2004.

In March 2011, plaintiffs filed a complaint against defendant for negligence and negligence *per se*.[1] Their complaint alleged that numerous construction defects in the siding led to water intrusion, which caused damage to the house. Plaintiffs alleged that they did not learn of that damage until May 2010.

Defendant moved for summary judgment, arguing that plaintiffs' claims were time-barred. Defendant argued that plaintiffs' construction negligence claims were subject to ORS 12.110(1), which has been construed to require tort claims to be initiated within two years of the date of discovery of the injury or damage. In this case, defendant argued, plaintiffs initiated their action more than two years from when they discovered the siding defects and resulting water damage. In support of its motion, defendant submitted evidence that plaintiffs had obtained reports from two experts before purchasing the home in 2004 and that those expert reports noted defects in the siding. Defendant also offered evidence that, in response to those reports, plaintiffs received a bid from a contractor to fix a number of those problems. Defendant's evidence also included reports in 2005, 2007, and 2008 from that contractor noting concerns about cracks in the siding and resulting water intrusion.

Plaintiffs disputed the significance of the evidence that defendants had submitted and argued that their claims were timely under the two-year statute of limitations in ORS 12.110(1). In the alternative, they argued that their claim was subject to the six-year statute of limitations set out in ORS 12.080(3) and that the six-year statute—like the two-year statute of limitations in ORS 12.110(1)—includes a discovery rule. In plaintiffs' view, there was at least a genuine issue of material fact as to whether they knew or should

---

[1] Plaintiffs alleged claims against other defendants as well, but the claims against those defendants are not at issue in this appeal.

have known about the negligent construction of their siding within six years of filing their complaint.

As noted, the trial court granted defendant's motion for summary judgment. The trial court agreed with plaintiffs that the six-year statute of limitations in ORS 12.080(3) applied to this negligent construction action. But it ruled that that statute was not subject to a discovery rule. As a result, the court concluded, the six-year limitation period began to run at the time of the completed installation of the siding—in 2001—and plaintiffs initiated their action well beyond six years from that date.

Plaintiffs appealed, arguing that, although the trial court was correct in concluding that the six-year statute of limitations in ORS 12.080(3) applies, it nevertheless erred in concluding that the statute is not subject to a discovery rule. The Court of Appeals agreed and reversed. Relying on one of its own prior cases, *Riverview Condo. Assn v. Cypress Ventures*, 266 Or App 574, 339 P3d 447 (2014), the court first concluded that construction negligence claims are subject to the six-year statute of limitations set out in ORS 12.080(3). The court next held that, in light of this court's recent decision in *Rice v. Rabb*, 354 Or 721, 320 P3d 554 (2014), the six-year statute of limitations in ORS 12.080(3) is, as plaintiff had contended, subject to a discovery rule. The court then remanded the case to the trial court to resolve the remaining factual issue pertaining to when plaintiffs discovered or, in the exercise of reasonable care, should have discovered the injury.

## II.  ANALYSIS

ORS 12.135(1)(a) provides the starting point for determining the applicable statute of limitations in claims arising out of the contract construct, alter, or repair an improvement to real property. *Shell v. Schollander Companies, Inc.*, 358 Or 552, 564, 369 P3d 1101 (2016).[2] That statute provides that "[a]n action against a person * * * arising from the person having performed the construction,

---

[2] Throughout this opinion, we use a shorthand reference to "construction defect claim" to refer to such claims that arise out of a contract to construction, alter, or repair any improvement to real property.

alteration or repair of any improvement to real property \*\*\* must be commenced before \*\*\* [t]he applicable period of limitation otherwise established by the law." As we noted at the outset, the issue in this case is what period of limitation is "otherwise established by the law." The parties offer two candidates.

Plaintiffs argue that the period "otherwise established by the law" is the six-year statute of limitations in ORS 12.080(3), which applies to actions "for interference with or injury to any interest of another in real property." In plaintiffs' view, theirs is an action for "injury to any interest of another in real property." According to plaintiffs, any owner of real property has a legally recognized "interest" in being free from negligently caused damage to that property. In support, plaintiffs cite *Beveridge v. King*, 292 Or 771, 643 P3d 332 (1982), which, in their view, held that construction defect claims such as theirs are subject to the six-year limitation period in ORS 12.080(3). Plaintiffs acknowledge that, historically, construction defect claims have been subject to a two-year limitation period. They nevertheless claim that the legislature has "abolished" the shorter limitation period as to those claims.

Defendant argues that ORS 12.080(3) does not apply because it is limited to actions for interference with or injury to an "interest" in real property. As defendant sees it, an injury to an "interest" in real property is distinct from an injury to the property itself—a distinction that defendant contends has long been recognized in this court's case law. Defendant asserts that plaintiffs' reliance on *Beveridge* for a different reading of the statute is misplaced, as that case was pleaded as one for breach of contract, not for damage to real property. To the contrary, defendant observes, in [*Abraham v. T. Henry Construction, Inc.*](#), 350 Or 29, 34 n 3, 249 P3d 534 (2011), this court stated that "[t]ort claims arising out of the construction of a house must be brought within two years of the date that the cause of action accrues," citing ORS 12.110.

Plaintiffs rejoin that the statement in *Abraham* on which defendant relies was *dictum* and incorrect *dictum* at that.

Thus framed, the issue is one of statutory construction. In resolving that issue, "[o]ur goal is to determine the meaning of the statute that the legislature that enacted it most likely intended." *Halperin v. Pitts*, 352 Or 482, 486, 287 P3d 1069 (2012). To do that, we examine the text of the statute in context, along with relevant legislative history and canons of construction. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

We begin with the texts of the pertinent statutes. ORS 12.110(1) provides:

> "An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."

As the wording suggests, it is a catch-all statute of limitations: "[I]t covers the residual category of those actions which cannot be said to arise from contracts or from other sources of liability covered by different statutory limitations." *Securities-Intermountain v. Sunset Fuel*, 289 Or 243, 246, 611 P2d 1158 (1980). This is an action that does not arise from contract. Thus, ORS 12.110 applies unless this action is covered by some other more specific statute of limitations.

As we have noted, plaintiffs argue that ORS 12.080(3) is just such a specific statute. It applies to:

> "An action for waste or trespass upon or for interference with or injury to any interest of another in real property, excepting those mentioned in ORS 12.050, 12.060, 12.135, 12.137 and 273.241[.]"

In this case, plaintiffs do not allege waste or trespass; rather, they claim that their construction negligence claims are subject to ORS 12.080(3) because they allege an "injury to any interest of another in real property."

Several things cut against plaintiffs' reading of ORS 12.080(3). To begin with, the text of ORS 12.080(3) specifically excepts from its six-year limitation period any

"interest of another in real property *** mentioned in *** ORS 12.135." That statute, as we have noted, applies to actions arising from the "construction, alteration or repair of any improvement to real property." There is no dispute that this is such an action, arising as it does from an agreement to construct a home. By its terms, the six-year limitation period in ORS 12.080(3) appears not to apply.

Putting aside the express exception for the sake of argument, the wording of ORS 12.080(3) still runs counter to plaintiffs' proposed reading of it for at least four reasons. First, there is the meaning of the statute's terms, in particular, the term "interest." As used in ORS 12.080(3), the word "interest," used in reference to rights in real property, is a term of art. *State v. Dickerson*, 356 Or 822, 829, 345 P3d 447 (2015) (legal or equitable "interest" in property is a legal term with a legal meaning). At the time that the legislature amended ORS 12.080(3), *Black's Law Dictionary* explained that, in its application to lands or things real, the word "interest" was defined as "a right to have the advantage accruing from anything; any right in the nature of property, but less than title; a partial or undivided right; a title to share." *Blacks Law Dictionary* 950 (4th ed 1968). In that sense, an injury to an "interest" in property would be something distinct from an injury or damage to the property itself.

Second, the references to "waste" and "trespass" in ORS 12.080(3) appear to bear out that reading of the term "interest." Both are claims in which a plaintiff alleges an injury to an "interest *** in real property" in the more limited sense that we just described. Waste, for example, is a "spoil or destruction in houses, gardens, trees or other corporeal hereditaments, to the disherison [disinheritance] of him that hath the remainder or reversion." *Lytle v. Payette-Oregon Irr. Dist.*, 175 Or 276, 288, 152 P2d 934 (1944). *See also In re Stout's Estate*, 151 Or 411, 422, 50 P2d 768 (1935) ("The question of what constitutes waste [by a life tenant] is determined primarily by the circumstance of whether or not the act, either of commission or omission, results in injury to the reversioner or the remainderman."). Simply stated, it is not an action for damage to property itself, but rather for injury to another's interest in that property.  Similarly,

trespass is "an actionable invasion of a possessor's interest in the exclusive possession of land." *Martin et ux v. Reynolds Metals Co.*, 221 Or 86, 90, 342 P2d 790 (1960). It is not an action for damage to the property itself. In fact, proof of damage is not even required. *Id.* at 97.

It is a familiar rule that the meaning of words in a statute may be clarified or confirmed by reference to other words in the same sentence or provision. *See, e.g., Johnson v. Gibson*, 358 Or 624, 629-30, 369 P3d 1151 (2016) (explaining *noscitur a sociis* textual canon). In this case, the surrounding reference in ORS 12.080(3) to "waste" and "trespass" in the context of describing injuries to "interests" that are subject to the six-year statute suggests that the interests do not include damage to property itself.

Third, the wording of other related statutes reflects the distinction between an injury to property itself, on the one hand, and an injury to an "interest" in property, on the other. ORS 12.135(3)(a), for example, sets out the statute of limitation that applies to actions against architects and engineers "to recover damages for injury to a person, property or to any interest in property" that arises out of the construction, alteration, or repair of an improvement to real property. The statute plainly assumes a distinction between an injury to "property" and an injury to "any interest in property." If an injury to an "interest" in property already encompassed an injury to the property itself—as plaintiffs assert—then the reference to injury to property itself would be a meaningless redundancy. Certainly nothing precludes the legislature from employing a measure of redundancy in its statutes; sometimes, that is what it intended. *Thomas Creek Lumber and Log Co. v. Dept. of Rev.,* 344 Or 131, 138, 178 P3d 217 (2008) ("[N]othing prohibits the legislature from saying the same thing twice."). But, as this court explained in *State v. Cloutier,*

> "at the least, an interpretation that renders a statutory provision meaningless should give us pause, both as a matter of respect for a coordinate branch of government that took the trouble to enact the provision into law and as a matter of complying with the interpretive principle that, if possible, we give a statute with multiple parts a construction that will give effect to all of those parts."

351 Or 68, 98, 261 P3d 1234 (2011) (internal quotation marks omitted). *See also Baker v. Croslin*, 359 Or 147, 157, __ P3d __ (2016) (in general, courts avoid redundancy "unless there is evidence that that is precisely what the legislature intended"). In this case, we are aware of no indication in the text, context, or history of ORS 12.080(3) suggesting that the legislature intended an injury to "property" to be synonymous with an injury to an "interest in property."

Fourth, this court's case law has long recognized the distinction between damage to property, which triggers the two-year statute of limitation in ORS 12.110, and injury to an interest in property, which is subject to the six-year statute in ORS 12.080. This court's decision in *Reynolds Metals* is relevant in that regard. At issue in that case was whether the defendant aluminum plant's airborne effluents that drifted on to the plaintiffs' property constituted "non-trespassory injuries to land" or trespass. If the former, the court held, the plaintiffs' claims for resulting harm would be subject to the two-year statute in ORS 12.110. But if the latter, the court held, the six-year statute in ORS 12.080 would apply. 221 Or at 88-89.

In short, an analysis of the text of ORS 12.080(3) strongly suggests that plaintiffs' claim in this case for negligent construction, resulting in damage to their home, does not constitute a claim for injury to "interest *** in real property"; rather, it constitutes a claim for damage to the property itself, subject to the two-year limitations period in ORS 12.110.

An examination of the history of ORS 12.080(3) and related statutes confirms what the foregoing analysis of the text suggests. Unfortunately, that history is more than a little convoluted, as the statutes have been repeatedly amended—including amendments that removed and then later replaced the same provisions. But in the end, that history leaves little doubt about the legislature's intentions.

As this court explained in *Securities-Intermountain*, in the early days of statehood, the legislature organized civil claims for statute of limitations purposes into two categories. 289 Or at 253. First, it provided for a two-year limitation period, which applied to five specifically enumerated

claims: libel, slander, assault, battery, and false imprisonment. 1862 Or Gen Laws 5, ch 1, § 8. Second, it provided for a six-year limitation period to apply more generally to all actions "upon a contract or liability, express or implied," to actions for "waste or trespass upon real property," and a catch-all category of actions for "any other injury to the person or rights of another, not arising on contract and not hereinafter enumerated." *Id.*, § 6. Under the law at that time, then, claims for negligence—pleaded in those days as "trespass on the case"—were subject to a six-year limitation period. *Securities-Intermountain*, 289 Or at 253.

In 1870, the legislature amended those statutes so that the catch-all provision for actions not on contract and not separately enumerated was subject to the two-year limitation period. 1870 Or Gen Laws, 34-35. That led to two different categories: one for actions on contract and actions for waste and trespass, subject to a six-year limitation period, and the other for torts generally, subject to a two-year limitation period. The former category eventually came to be codified at ORS 12.080, while the latter was codified at ORS 12.110.

The law remained substantially unchanged for the next 100 years. During that time, negligence claims were held to be subject to the two-year limitation period. *Securities-Intermountain*, 289 Or at 253-54. That included claims for negligent damage to real property, as we noted earlier. *Reynolds Metals*, 221 Or at 88-89.

In 1971, the legislature enacted ORS 12.135, which carved out a special, two-year statute of limitations for construction defect claims for damage to property. Or Laws 1971, ch 664, §§ 2-4. The statute provided that its two-year limitation period applied to

> "an action to recover damages for injuries to a person or to property arising from another person having performed the construction, alteration or repair of any improvement to real property or the supervision or inspection thereof, or from such other person having furnished the design, planning, surveying, architectural or engineering services for such improvement[.]"

ORS 12.135(1) (1971). As this court explained in *Securities-Intermountain*, "this statute does not define its coverage by

the legal source or nature of the liability on which the action is founded but on the character of the injuries incurred in a specific context." 289 Or at 247. That is, construction defect claims described in ORS 12.135(1) (1971) were time-barred after two years irrespective of the theory of recovery, even if they otherwise would be subject to a longer statute of limitations.

A short time later, in 1973, the legislature amended ORS 12.080(3) so that its six-year limitation period applied not just to actions for waste or trespass but also more broadly to actions "for interference with or injury to any interest of another in real property." Or Laws 1973, ch 363, §1.[3] At the same time, the legislature inserted an exception for actions

---

[3]  The impetus for the 1973 amendments was this court's decision in *Martin v. Union Pacific Railroad*, 256 Or 563, 474 P2d 739 (1970). In that case, the plaintiff brought a claim for trespass against a railroad company for damage caused by a fire that originated on or near a railroad right of way. The plaintiff brought the action four years after the fire occurred. The defendant railroad company argued that the claim was time-barred, because it was actually a negligence claim, subject to the two-year limitations period in ORS 12.110(1). This court concluded that the claim sounded in trespass and was thus subject to the six-year limitations period in ORS 12.080(3). At the conclusion of the opinion, the court said that the case "serves to remind us of the need for legislative revision of the statutes on the limitation of actions. There would appear to be no reason for providing different limitation periods in actions for invasions of interests in land, *** whether the conduct causing the invasion is intentional, negligent, reckless, or ultrahazardous." 256 Or at 566-67.

In direct response to that suggestion, Senate Bill 341 was introduced to clarify that the six-year limitation period in ORS 12.080(3) applied to all actions for injury to interests in property, regardless of the nature of the underlying conduct. The Office of Legislative Counsel, for example, provided an introductory memorandum on the bill, explaining that it was "suggested by Chief Justice O'Connell, in *Martin v. Union Pacific Railroad*," and "would include within the six-year statute of limitation under subsection (3) of ORS 12.080 *all actions for injury to or interference with any interest of another person in real property*." Exhibit M, Senate Committee on Judiciary, SB 341, March 29, 1973 (memorandum from Steven J. Hawes, Deputy Legislative Counsel) (emphasis added).

Plaintiffs rely on the emphasized portion of the preceding quote for the proposition that the legislation was intended to extend the six-year statute to all actions involving damage to property. The argument ignores the phrasing of the statute and the quote itself—both of which refer to injury to an "interest" in real property. Plaintiffs also rely on a statement from a witness who referred to the bill as extending the six-year limitation period to "claims for damages to real property." In context, however, it is clear that the witness was referring to claims for injury to interests in real property; indeed the same witness referred to the genesis of the bill as a response to this court's decision in *Martin*. Tape Recording, Senate Committee on Judiciary, SB 341, March 26, 1973, Tape 14, Side 1 (testimony of J. Robert Jordan).

"mentioned in ORS *** 12.135[.]" *Id*. Thus, by excepting actions mentioned in ORS 12.135 from the six-year limitation period in ORS 12.080(3), the legislature made explicit its intention that all construction defect cases alleging "damages for injuries to a person or to property" would continue to be subject to the two-year statute of limitations of ORS 12.135 (1971), as they had for the previous 100 years.

This court had occasion to apply those amended statutes in *Beveridge*. In that case, the defendant entered into a contract with the plaintiffs to sell a residential home that he was in the process of building. The defendant retained the title to the home as security for the payment of the agreed purchase price. 292 Or at 778. When the plaintiffs moved in, they concluded that the defendant had failed to perform various tasks called for in the contract. More than two, but fewer than six, years later, the plaintiffs initiated an action against the defendant for breach of contract, alleging damages for the amounts of money required to remedy the defendant's failure to comply with his contractual obligations. The defendant argued that the plaintiffs' claim was time-barred under the two-year limitation periods of either ORS 12.135 (1971) or ORS 12.110. *Beveridge*, 292 Or at 774-75.

This court first concluded that ORS 12.135 (1971) did not apply because that statute concerned physical injury to tangible property, not financial losses occasioned by inadequate performance of a contract. *Beveridge*, 292 Or at 775. The court then concluded that ORS 12.110(1) did not apply, either. The court explained that that statute could apply only if the action were one "not arising on contract" and "not especially enumerated" elsewhere in ORS chapter 12. The court explained that, assuming for the sake of argument that the action was not one for breach of contract, the defendant's argument still failed because the claim at issue was "especially enumerated" elsewhere in ORS chapter 12, namely, in ORS 12.080(3). The court noted that that statute applied when an action is one for interference or injury to "any interest of another in real property." In *Beveridge*, the court observed, the plaintiffs did not have title to the property, but they nevertheless had an "interest" in the property by virtue of their contract. *Beveridge*, 292 Or at 777-78. The court did not overrule *Reynolds Metals* and hold—as

plaintiffs incorrectly contend in this case—that all claims for construction defects are subject to ORS 12.080(3). In fact, the court in *Beveridge* did not mention *Reynolds Metals*. Rather, the court carefully crafted a narrow holding that the statute applied because of the particular nature of the plaintiffs' "interest" in the property at issue.

It is at this point that the account of the relationship between the various statutes gets a bit more complicated. In 1983, the legislature returned to ORS 12.135, amending that statute by removing and inserting the following wording (with deletions in bracketed italics and new wording in boldface):

> "An action [*to recover damages for injuries to a person or to property arising from another*] **against a person, whether in contract, tort, or otherwise, arising from such** person having performed the construction, alteration or repair of any improvement to real property or the supervision or inspection thereof, or from such [*other*] person having furnished the design, planning, surveying, architectural or engineering services for such improvement, shall be commenced within [*two years from the date of such injury to the person or property; provided that*] **the applicable period of limitation otherwise provided by law[.]**"

Or Laws 1983, ch 437, § 1. The amendments thus accomplished two things. First, they made explicit what this court said in *Securities-Intermountain* was implicit in ORS 12.080(3), namely, that ORS 12.135 applies according to the nature of the acts forming the basis for the action, not the particular legal theory—whether it be contract, tort, or something else. Second, the amendments eliminated the two-year limitation period and substituted in its place a provision stating that the applicable limitation period is the one that is "otherwise provided by law."

From the text of the amended statute, it appears that, because ORS 12.135(1983) referred to claims sounding in contract, or in tort, or in some other theory, it no longer made sense to refer to a two-year limitation period, given that contract claims, for example, ordinarily were subject to a six-year limitation period. Accordingly, the legislature did away with the reference to the two-year limitation period in favor of whatever statute would otherwise apply, depending

on whether the claim sounded in contract, tort, or something else.

In the same bill, the legislature also amended ORS 12.080(3), the statute that provided a six-year limitation period for actions for trespass, waste, and injuries to "interests" in real property. Recall that, before 1983, ORS 12.080(3) had provided that its six-year limitation period did not apply to claims mentioned in ORS 12.135. In the 1983 session, the legislature repealed that exception. Or Laws 1983, ch 437, § 2.

Plaintiffs assert that the legislature, by eliminating the two-year limitation period in ORS 12.135 and removing the exception for claims mentioned in that statute in ORS 12.080(3), effectively "abolished" the two-year statute of limitation as it might otherwise apply to construction defect claims. We are not persuaded for two reasons.

First, as we just observed, it appears from the text of the statutes that the 1983 Legislative Assembly, having just amended ORS 12.135 to allow for different periods of limitation depending on the nature of the claim, thought it no longer necessary to include the exception for the same reason that it no longer made sense to refer to a two-year limitation. In amending that statute, the legislature did not "abolish" anything. Rather, under ORS 12.135 as amended, the applicable period of limitation simply depends on the nature of the claim, whether it be contract, tort, or something else.

Second, the legislative history of the 1983 amendments confirms that the legislature intended just that, and not to "abolish" any two-year limitation period for construction defect claims. Statement after statement during hearings on the bill that was adopted as the amendments to ORS 12.135 repeat the explanation that the purpose of those amendments was to clarify that the statute was intended to apply regardless of the particular legal theory—whether contract, tort, or something else. As a result, the reference to the two-year statute of limitation was no longer needed, because the limitation period would now depend on the legal theory of the claim.

For example, during hearings before the Senate Committee on the Judiciary, the chair of the committee, Senator Jan Wyers, explained that the proposed amendment

"just changes—it takes that two-year language out [of ORS 12.135] and just says that you go to the applicable period of limitations as otherwise provided. So if it's a contract you're suing under, it's six years. If it's a tort, it's two years."

Tape Recording, Senate Committee on Judiciary, SB 663, May 18, 1983, Tape 153, Side A (statement of Sen Jan Wyers). Later in the same hearing, Wyers confirmed that negligence actions would not be subject to a six-year statute of limitations; rather, the two-year statute of limitations still would apply. *Id*.

Still later in that hearing, Vice-Chair Walt Brown asked how, specifically, the proposed amendment would change existing law. Wyers responded that the amendment would

"tak[e] out the language that says 'two years from the day of such injury to person or property' and instead of that we're putting in that you have to commence it within the 'applicable statute of limitations otherwise established by law.' Six years for contracts, two years for negligence."

Tape Recording, Senate Committee on Judiciary, SB 663, May 18, 1983, Tape 154, Side A (statements of Sen Walt Brown and Sen Jan Wyers). The following colloquy then ensued:

"[Brown:] But what you're doing here is excising the two-year language and putting in 'the applicable statute,' which in effect changes this to a six-year statute for breach of contract that results in an injury to a person or property.

"[Wyers:] It doesn't change it to that. It only makes it clear that you look to what the statute of limitations laws are. And if it's a contract action, you get six years[.]"

*Id*.

Plaintiffs offer no references to the legislative history of the 1983 amendments in support of their contention that those amendments were intended to "abolish" the two-year limitation period for construction defect claims. And

our review of the legislative history reveals no hint of an intention to that effect. To the contrary, as the foregoing excerpts make clear, the amendments were intended merely to make the applicable statute of limitations depend on the nature of the legal theory on which claims are asserted.

The legislature amended ORS 12.135 one more time, in 1991. Those amendments, however, did nothing to significantly alter the analysis of which statute of limitations applies to construction defect claims. The 1991 amendments created a new section of ORS 12.135, which specified that claims against architects, landscape architects, or engineers for construction defects must be brought within two years of the date of injury or discovery:

> "[n]otwithstanding subsection (1) of this section [providing, as in the 1983 version, that construction defect actions must be commenced "within the applicable period of limitations otherwise established by law], an action against a person for the practice architecture, as defined in ORS 671.010, the practice of landscape architecture, as defined in ORS 671.310, or the practice of engineering, as defined in ORS 672.005, to recover damages for injury to a person, property *or to any interest in property*, including damages for delay or economic loss, *regardless of legal theory*, arising from the construction, alteration or repair of any improvement to real property *shall be commenced within two years* from the date the injury or damage is first discovered or in the exercise of reasonable care should have been discovered[.]"

Or Laws 1991, ch 968, § 1 (emphasis added). At the same time, the legislature brought back the provision that it had repealed in 1983, expressly excepting from the six-year statute of limitations in ORS 12.080(3) any claims "mentioned in ORS 12.135." Or Laws 1991, ch 968, § 2.

Plaintiffs argue that the creation of a special statute of limitations for so-called "design professionals" demonstrates that, in the absence of that provision, claims against those persons for construction defects would have been controlled by the six-year limitation period in ORS 12.080(3), as they involved claims for injury to "interests" in real property. The argument, however, suffers from the fallacy of begging the question: It assumes the very matter in contention,

namely, that ORS 12.080(3) would have applied to construction defect claims in the first place. Aside from that, the wording of the amendments does not support the conclusion that plaintiffs draw from it. In fact, plaintiffs have it backwards; the 1991 amendments confirm our interpretation of the statutory scheme.

Begin with the fact that subsection (1) of ORS 12.135 provides that construction defect actions are subject to the "applicable period of limitations otherwise established by law." As we have explained, that simply means that the applicable period of limitation will depend on the nature of a particular action, whether it be contract, tort, or something else. But, as amended, ORS 12.135(2) (1991) provided that, "notwithstanding subsection (1)," actions against design professionals for injury to person, property, or an interest in property is two years, "regardless of legal theory." As a result, after the 1991 amendments, *all* construction defect actions against design professionals were subject to a two-year limitation period—even contract actions, which otherwise would have been subject to the six-year statute of limitations in ORS 12.080(1), and actions to recover damages for an injury to any interest in property, which would otherwise have been subject to the six-year statute of limitations in ORS 12.080(3).

Plaintiffs argue that, in any event, the legislative history of the 1991 amendments shows that a bill originally proposed that both contractors and design professionals be subject to a two-year statute of limitations, and the legislature elected not to adopt a version that would have applied that limitation period to both. Relying, in particular, on the testimony of a representative of the Oregon Association of Defense Counsel (OADC)—which supported the bill—plaintiffs contend that witnesses stated that, under then-existing law, construction defect claims were subject to the six-year limitation period of ORS 12.080(3), and the 1991 amendments were intended to shorten that period to two-years.

Plaintiffs misperceive the legislative history of the 1991 amendments. Those amendments were introduced as Senate Bill (SB) 722 (1991), and they did originally provide

that all construction defect claims against both contractors and design professionals—regardless of legal theory—would be subject to a two-year limitation period. SB 722 (original draft, Feb 11, 1991). OADC did indeed endorse the bill, but its representative, Jim Marvin, offered the following introductory explanation to the Senate Committee on the Judiciary:

"SB 722 modifies the statute of limitations for certain causes of action arising out of improvements to real property. It clarifies the time within which affected persons can bring a claim and bring[s] architects and other professionals more in line with persons who are involved in construction and improvements to real property."

Tape Recording, Senate Committee on the Judiciary, SB 722, April 8, 1991, Tape 100, Side B (statement of Jim Marvin). Marvin explained that, under then-current law, the statute of limitation was not six years under ORS 12.080(3), as plaintiffs contend, but rather depended on the nature of the claim:

"As for the statute of limitations for architects and engineers, the statute of limitations *is completely dependent on the pleading ability of the lawyers. It is dependent on the nature of the action and the damages sought.* If the cause of action is for negligence, typically you need to bring an action within two years from the date the injury or damage is first noted. \* \* \* If you want to sue for breach of contract, it's six years. \* \* \* The present statute simply throws it into other provisions of ORS chapter 12. The result of having no statute of limitations for designers is that it calls upon the court to look at a claim being brought in the pleading by the plaintiff to try to determine the nature of that cause of action. And, therefore, we do not get uniform decisions."

*Id.* (emphasis added). Thus, the point of SB 722 was to avoid the uncertainty of leaving the determination of the applicable statute of limitation to pleading and replace it with a firm two-year limitation period. Nothing in the legislative history suggests—as plaintiffs contend—that, before the 1991 amendments, the applicable limitation for negligence actions for construction defects was six years under ORS 12.080(3).

It was in that context that the 1991 Legislative Assembly decided not to alter the existing statutes of limitations for contractors. Senator Hill suggested that a two-year limitation period, regardless of legal theory, seemed "very—like a very, very short—short period of time." *Id*. (statement of Sen Jim Hill). Marvin responded that, "[i]f you want to strike contractors and leave it at architects and engineers, that wouldn't bother us a bit." *Id*. (statement of Jim Marvin). And the Judiciary Committee did just that, without further discussion. *Id*. Again, the point was not—as plaintiffs contend—that the legislature understood that the six-year limitation period of ORS 12.080(3) would apply. To the contrary, it was that the legislature determined that it was better to leave contractors subject to ORS 12.135(1), which made the applicable limitation period depend on the nature of the legal theory of the claim against the contractor.

It was also in that context that the 1991 Legislative Assembly restored the exception from the six-year limitation in ORS 12.080(3). Recall that the 1991 amendments to ORS 12.135 had the effect of creating a hard-and-fast two-year limitation period for claims against design professionals, regardless of legal theory. That meant that the two-year limitation period applied even to claims against such design professionals based on injuries to an "interest of another in real property" that otherwise would have been subject to the six-year limitation period under ORS 12.080(3). And the restored exception makes that clear.[4]

Interestingly, the restored exception states that the six-year limitation period under ORS 12.080(3) does not apply to *any* claim for injury to "interest of another in real property *** mentioned in *** ORS 12.135." It is not limited to claims against design professionals. On its face, it is broader than that and would seem expressly to cover claims such as this one against contractors. We need not address the scope of that exception, however. As we have explained, even putting aside that exception, plaintiffs' contentions concerning the scope of the six-year limitation period in

---

[4] To the same end, the legislature also excepted actions mentioned in ORS 12.135 from the six-year limitations period for contract actions in ORS 12.080(1). Or Laws 1991, ch 986, § 2.

ORS 12.080(3) cannot be reconciled with the wording and history of that statute.

In light of the foregoing, this court's recent statement in *Abraham* that "[t]ort claims arising out of the construction of a house must be brought within two years of the date that the cause of action accrues," under ORS 12.110, although *dictum*, was a correct statement of the law. 350 Or at 34 n 3. ORS 12.135(1) provides that construction defect claims may be subject to different statutes of limitation, depending on the nature of the claim—whether for breach of contract, tort, or something else. A construction defect claim for damage to the property itself is subject to the two-year limitation period of ORS 12.110, unless another limitation period "especially enumerated" in ORS chapter 12 applies. In this case, no other such limitation period applies.

There remains the factual question about whether plaintiffs knew or should have known of the injuries or damage that form the basis of their claims within the two-year limitation period that ORS 12.110 provides. The trial court never addressed that issue. It can do so on remand.

The decision of the Court of Appeals is affirmed on other grounds. The judgment of the circuit court is reversed and the case is remanded to the circuit court for further proceedings.